JUDGE DUVALL
delivered the opinion of the court:
By the 10th section of the act incorporating the city of Henderson, (Session Acts, 1853-4, p. 376,) two remedies are provided for injuries to private property which may result from' improvements to the streets, alleys, market spaces, &c., within the city: First, where the private property of any person may be taken or used by order of the mayor and council for streets, alleys, or other public improvements, or where the grounds, buildings, or other property shall be injured “ as a consequence of carrying out the laws and ordinances of the city,” such person shall be paid a just compensation therefor out of .the city treasury — the damages to be assessed either by a proceeding before the county judge, as prescribed by the act, or by an ordinary action in the circuit court of the county; which proceeding or action must, of course, be against the city of Henderson, as a corporation. Secondly, where the mayor and council of the city shall be guilty of an abuse of their power in mak *245 ing any such improvement, or in doing any other acts, or shall be guilty of gross neglect, they shall be personally liable for the consequences of such abuse of power, or of such gross neglect.
This action was brought by the appellee, Johnson, against the city of Henderson, the persons composing the mayor and council of said city, in their individual capacity, and also against other persons who executed the work complained of. The petition alleges, in substance, that the plaintiff was the owner and occupier of a house and lot on the corner of Main and First cross streets in the city of Henderson; that by an order of the mayor and council, First cross street was graded and improved, and that the work was done in such a manner as to throw large quantities of water on the plaintiff’s lot, in consequence of which his house and out-buildings, in times of flood, are so separated by the water as to cut off all communication; that his garden has been destroyed, and the health of his family imperiled, &c., for which he claims damages, &c. No abuse of power or neglect on the part of the mayor and council, in connection with this improvement, is alleged.
All the defendants to this petition, except the city, demurred, and the demurrer was sustained.
The plaintiff then filed an amended petition, in which he alleges, substantially, that the defendants, who were then the mayor and council of the city, were guilty of gross neglect in failing to keep open certain valleys or gutters which had been constructed for the purpose of conducting the water from above the plaintiff’s lot to the river; that they transcended their authority in letting the contract for improving said First cross street, and that they were guilty of gross neglect in having the work performed under their supervision, whereby he has sustained damages, &c.
The defendants objected to the filing of this amendment; but their objection was overruled. A trial was had, which resulted in a verdict and judgment against the defendants for $ 196, to reverse which they have prosecuted this appeal.
The first and most important objection to the judgment relied upon by the appellants is, that there was a misjoinder of causes of action, occasioned by the filing of the amended petition.
*246 The Civil Code (section 111) provides that several causes of action may be united in the same petition, where each affects all the parties to the action, may be brought in the same county, be prosecuted by the same kind of proceedings, and all belong to only one of the classes enumerated in the succeeding sub-sections.
Now it is perfectly clear that the original and amended petitions in this case each set forth a distinct cause of action. This does not seem to be seriously controverted, and the only remaining inquiry is, therefore, whether each of those causes of action affects all the parties to the action ? The solution of this inquiry depends exclusively upon the provisions of the act before referred to. And according to the admitted construction and import of the 10th section, the city of Henderson is only liable for such consequential injuries and damage as may result to the property-holder from the carrying out of the laws and ordinances of the city in relation to the construction of the public improvements authorized by the charter. For this class of injuries the mayor and council, and other municipal officers, in their individual capacity, can never be subjected to liability. They are liable, and only liable, in cases of gross negligence and abuse of power; and in the latter class of cases the city, in its corporate capacity, is certainly exempt from responsibility : so that the liability of each party is necessarily exclusive. But even if it were conceded that a case of joint liability might arise in some possible contingency, it is clear that no such case is presented by the original or amended petition here. The injury set out in the first is such as resulted from the carrying out of the laws and ordinances of the city in the improvement of First cross street, and for that the city is exclusively liable; that set out in the second is alleged to have been occasioned by the abuse of power and gross negligence on the part of the mayor and council, and for that they are exclusively liable.
It follows, therefore, that the two causes of action do not affect all the parties, and that they were, for that reason, improperly joined.
But it is contended on the part of the appellee, that the record *247 fails to show that the defendants, at any time, moved to strike out the cause of action thus improperly joined, and that their objections to the misjoinder must therefore be deemed to have been waived, according to the provisions of sections 113 and 114 of the Code, which direct that the court, at any time before the defense, shall, on motion of the defendant, strike out of the petition any cause or causes of action improperly joined with others; and that all objections to the misjoinder of causes of action shall be deemed to be waived, unless made as above provided.
The object of the latter section was merely to require that the defendant should signify, of record, his objections to the misjoinder before he filed his defense; and where two incongruous causes of action are united in the petition, the only appropriate mode of making the objection is the motion to strike out. But where, as in this case, the petition contains but a single cause of action, and the proposed amendment would, if allowed to be filed, create the misjoinder, the objection may be as effectually, and much more appropriately made, by an exception to the filing of the amendment. A motion to strike out would, in such case, be absurd.
It results, therefore, that the court below erred in permitting the amended petition to be filed.
The judgment is therefore reversed, and the cause remanded for a new trial, with directions to sustain the objection to the filing of the amended petition, and for further proceedings not inconsistent with this opinion.