ISAAC BRIGGS *vs.* INHABITANTS OF ROCHESTER.

An inhabitant of a town within the Commonwealth, who before the first of May has left the Commonwealth with the intention of never returning, and of taking up his abode in a town in another state, and is on the first of May in another town in that state, is not under the Rev. Sts. *c.* 7, § 9, taxable in the Commonwealth on the first of May, although he has not yet acquired a domicil in the other state.

ACTION OF CONTRACT to recover back the amount of a tax on personal property. Trial in the superior court before *Ames,* J., who signed this bill of exceptions:

" It was admitted by both parties and so presented to the jury, that the only question at issue was the domicil of the plaintiff on the 1st of May 1858; and that if he was then an inhabitant of the defendant town, the tax was rightly imposed; but that if he was not on that day an inhabitant of said town, he was not then rightly taxable and taxed therein.

" There was evidence tending to show that on the 10th of April 1858 the plaintiff left Rochester with the intention to make his home in the future in Motthaven, N. Y., and no longer to be an inhabitant of or have his home in said Rochester; that in three or four days he arrived at the city of New York, stayed in New York city at the house of his son till and including the 1st of May 1858, and then went to Motthaven, his present residence.

" The plaintiff asked the court to rule: 1st. That if he left Massachusetts, intending no longer to be an inhabitant thereof, and went into and arrived in another state before the 1st of May 1858, intending and meaning at once to be and become an inhabitant thereof, and to make his home therein, he was

not taxable in Rochester as an inhabitant thereof on said 1st of May. 2d. That if before said 1st of May he left Rochester, intending no longer to make his home there, and went into the State of New York, intending to make his home there, and substantially to the contemplated place of his domicil, he was no longer taxable as an inhabitant of Rochester.

"But the court refused to give the above instructions desired: and instructed the jury, that if the plaintiff had not in fact taken up his abode at Motthaven, his intended future residence, on the 1st of May 1858, his domicil of origin continued, and he was legally taxable on that day as an inhabitant of Rochester. The jury found for the defendants, and to the following written question : ' Is it proved that the plaintiff had taken up his abode at Motthaven on May 1st 1858 ? ' they returned with their verdict an answer in the negative. The plaintiff, being aggrieved by such refusal, excepts thereto."

T. M. Stetson, for the plaintiff.

C. I. Reed, for the defendants. The plaintiff did not acquire a domicil in the State of New York, nor lose his domicil in Rochester, before he reached his intended home. Every man has a domicil for taxation somewhere. Abington v. North Bridgewater, 23 Pick. 177. Thorndike v. Boston, 1 Met. 242. That domicil is retained until he acquires another. Thorndike v. Boston, 1 Met. 242. Bulkley v. Williamstown, 3 Gray, 493. Another domicil is not acquired while the person is in transitu. Story Confl. § 47. McDaniel v. King, 5 Cush. 475. Bulkley v. Williamstown, 3 Gray, 493. Otis v. Boston, 12 Cush. 44. The plaintiff could not acquire a domicil in the State of New York without acquiring one in some town of that state. Otis v. Boston, 12 Cush. 48. In order to be an inhabitant of a state, one must be an inhabitant of some town in the state. Suppose that before reaching his destination, but after getting into another state, a man should change his mind and return to and resume his domicil in this state ; would he be obliged to live here a year before he could vote ?

METCALF, J. The facts which the evidence at the trial tended to prove were these : That in April 1858 the plaintiff,

who was then an inhabitant of the town of Rochester, removed out of the State, with the intention not only not to return and have his home in that town, but also with the intention to make his future abode and home in Motthaven in the State of New York; but that, before he took up his intended new abode, he stopped at the house of his son in the city of New York "till and including the 1st of May 1858;" and that shortly afterwards he went to Motthaven, where he has since resided. On these facts the question is, whether the plaintiff, on the said first of May, was an inhabitant of the town of Rochester, within the meaning of the ninth section of *c.* 7 of the Revised Statutes, which directs that "personal estate shall be assessed to the owner in the town where he shall be an inhabitant on the first day of May."

There is no adjudged case in our reports, which is decisive of this. In no one of the decisions there found, in which a person has been held liable to taxation in a town that he had left before the 1st of May, had he removed out of the State before that day, with the intentions which this plaintiff had when he removed from Rochester. According to those decisions, if the plaintiff had removed in April from Rochester to some other town within the State, intending to make his home there until he should proceed to Motthaven, in pursuance of his original intent, and had remained in such town until after the 1st of May, he would have been taxable there. *Kilburn* v. *Bennett,* 3 Met. 199. But if he had removed to such town for a mere temporary purpose, not intending to make a home there, he would have been taxable in Rochester. *Bulkley* v. *Williamstown,* 3 Gray, 493. In either case, as said by Shaw, C. J. in *Otis* v. *Boston,* 12 Cush. 50, he certainly would have been an inhabitant of the State, and taxable in some town. In the same case, the chief justice also expressed an opinion, that if a person, on the 1st of May, was on his journey to a new place of abode in another town within the State, he would be taxable in the town from which he was removing. But he also said, that if a person had left the State, and actually passed its limits, on his way to a distant state, it would be a question of more difficulty,

in its various aspects; but that the court then had no occasion to determine such a question. We must now determine it, for we have no doubt that the plaintiff, while stopping at his son's house, must be deemed to have been on his way — *in itinere* — to Motthaven.

The present question may be put into this form: Do the words, " in the town where the owner is an inhabitant," mean the town where he has a domicil, in its strictly technical sense, and with its legal incidents? If such be their meaning, the plaintiff was rightly taxed in Rochester. For he once had a domicil there; he had not on the 1st of May 1858 acquired a new domicil in Motthaven; and he could not be without a domicil while on his way to that place. Phillimore on Domicil, 11 – 14, 21 – 24. Story Confl. §§ 44 – 47. 12 Cush. and 3 Gray, *ubi sup.* *Jennison* v. *Hapgood,* 10 Pick. 98. But we do not understand that those words have such a meaning.

The word " domicil" is not in the Constitution nor in the statutes of the Commonwealth; but the words " inhabitant" and " resident " are frequently used in both. By the Constitution, *c.* 1, § 1, art. 4, the legislature is empowered " to impose and levy proportional assessments, rates and taxes, upon all the inhabitants of, and persons resident and estates lying within the Commonwealth." By the next section, certain described " inhabitants " of the Commonwealth are made legal voters for certain state officers; and it is there declared that for the purpose of electing and being elected into any office within the State, every person shall be deemed an inhabitant in that town, &c., where he dwelleth or hath his home. It is provided by the Rev. Sts. *c.* 2, § 6, that in the construction of all statutes the word " inhabitant" may be construed to mean a resident in any city or town. And it has repeatedly been said by this and other courts, that the terms " domicil," " inhabitancy" and " residence " have not precisely the same meaning. *Lyman* v. *Fiske,* 17 Pick. 234. *Thorndike* v. *Boston,* 1 Met. 245. *Foster* v. *Hall,* 4 Humph. 348. *Warren* v. *Thomaston,* 43 Maine, 412.

In the statute on which this case depends, we are of opinion

that the words, "where he shall be an inhabitant on the first day of May," mean where he shall have his home on that day. In 12 Cush. 49, Chief Justice Shaw said: "Perhaps it would have been quite as near the purpose of the legislature, in fixing a standard of liability to taxation, perhaps not more so, to say that it shall be where he hath his home, instead of where he shall be an inhabitant."

This plaintiff did not reside or dwell in Rochester on the 1st of May 1858, nor had he then a home there. He had left the town, removed out of the State, and abandoned his home, with an intention never to resume it, but with an intention, which he soon carried into effect, to make a new home in the State of New York. And certainly there is no good reason, if the statute does not peremptorily so require, that he should be taxed in this state for expenses incurred in support of its institutions, after he left it, and ceased to receive benefit from them, either by participating in the actual enjoyment of them, or by deriving, through their instrumentality, protection to his property or his person.

As the verdict was returned under instructions that do not conform to the foregoing views of the law, it is to be set aside and a *New trial granted.*