## JOHN D. WILSON *vs.* DAVID TERRY.

A man's declarations as to the place of his residence, and his designation thereof in his will, are competent evidence after his death, upon the question of his domicil, at a time shortly after the making of the declarations and of the will.

CONTRACT brought by the collector of Freetown to recover taxes assessed in that town upon Job Terry, the defendant's testator, for the year 1861.

At the trial in the superior court, before *Brigham*, J., the only question in issue was whether Job Terry had his domicil in Freetown on the 1st of May 1861. The plaintiff introduced evidence tending to prove that Job Terry had his domicil in Little Compton, Rhode Island, from 1855 to March 1860; that he spent the summer of 1860 in travelling, and in the autumn came to Freetown, where he resided upon an estate occupied by

his son, the defendant, till February 1861. Amongst other evidence, the plaintiff offered a written statement of Henry M. Tompkins, town clerk of Little Compton, which it was agreed should be taken as if given in the form of a deposition, that before leaving Little Compton Job Terry informed the town officers that he should no longer make that his residence ; and the judge ruled that the statement was competent as to the above declarations, but not competent as to other facts stated therein.

The defendant offered evidence that Job Terry, in his last will, made April 9th 1861, described himself as of Little Compton ; that in October 1861 he declared in Freetown that he had not come there to live, and that Little Compton was his home ; that this declaration was made in connection with a question of one of his workmen's voting at the election ; that in conversation with a person employed by him on his farm, then occupied by the defendant, and in connection with the work, he said that he lived in Little Compton ; that on the day when the plaintiff contended that he moved to Freetown, in September 1860, he said in Fall River that his home was in Little Compton ; and that he went to New Bedford in February 1861, not intending to make that his residence, and died there on the 29th of the following May.    The judge excluded this evidence.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. C. Blaisdell*, for the defendant.

*C. I. Reed*, for the plaintiff.

METCALF, J.   We are of opinion that the statement of Tompkins, town clerk of Little Compton, was rightly admitted in evidence against the defendant, under the imposed restriction that it was competent evidence of Job Terry's declarations, and of nothing more.   And we are also of opinion that his acts and declarations, which the defendant offered in evidence, should have been admitted.   The case of *Ward* v. *Oxford*, 8 Pick. 476, shows that Terry's describing himself, in his will, in April 1861, as of Little Compton, was admissible in the defendant's favor. That act, and his declarations, made in Freetown and Fall

River, in October and September 1860, were proper for the con-sideration of the jury, on the question of his subsequent domicil on the 1st of May 1861. *Thorndike* v. *Boston*, 1 ·Met. 242. *Kilburn* v. *Bennett*, 3 Met. 199. *Salem* v. *Lynn*, 13 Met. 545. *Gorham* v. *Canton*, 5 Greenl. 266. ‎ *Exceptions sustained.*