### LYMAN et al. v. CORWIN.

ANSWER—*Defenses should be paragraphed.*—Where different defenses are attempted to be set up in an answer, the court, on motion, may properly cause each defense to be stated in a separate paragraph.

PRACTICE—*Misjoinder of cause of action, etc.*—The court, on motion of defendant, at any time before defense, should strike out any cause or causes of action misjoined.

SAME.—A party, who has a defense by way of recoupment, will not be permitted to seek affirmative relief by making another person, in interest, a party defendant, by way of subrogation.

APPEAL FROM JEFFERSON CIRCUIT COURT.

HON. HENRY B. MORSE, *Circuit Judge.*

*Bell & Carlton,* for Appellants.
*A. H. Garland,* for Appellee.

GREGG, J.—The appellee, as assignee of H. A. Pierce, brought suit against Lyman, Stanford, Kenyon, Murphy and John M. Clayton, for $1000, alleged to be due from them upon a writing obligatory. At the return term, the appel-

lants filed the petition of B. C. Hubbard to be made a party, and moved the court to consolidate this suit with two others alleged to be brought by Pierce for debts incurred as a part of the same consideration, and that the whole cause be heard in equity, and Hubbard's claim to an interest in the property, for which the notes had been given, be, with the other matters in controversy, determined.

On motion of appellee, the petition to consolidate and transfer was stricken out. Whereupon, the appellants filed their answer, and appellee moved that they be required to paragraph their answer, which the court ordered done.

The appellants filed an amended answer, in which they avered that the appellant, Lyman, had purchased from the assignor, Pierce, a one undivided half interest in the Jefferson Republican printing office, fixtures, furniture, etc., for the consideration of $2750, to be paid said Pierce in cash, and the assumption of the payment of one half of certain claims against the office for a like amount, in the aggregate $4125; that of the amount to be paid Pierce, $1250 were paid down, and the notes, in the three suits named, were executed for the remainder of the $2750 to be paid said Pierce. They aver that Pierce owned but one half of said printing office, presses, etc., and, without the knowledge of said appellants, before that time he had sold, and by written bill of sale conveyed to G. W. Davis one fifth of the whole of said office, presses, etc., and that he, at the date of the sale to appellant, Lyman, actually owned but three-fifths of one half of said office, presses, etc., and that he concealed that fact and fraudulently sold to him one half of said entire office, presses, etc., by then falsely representing that he was the owner to that extent; and that, by the conveyance to the said Lyman of one full half interest in said office, presses, etc., he could not and did not take but three-fifths of one half interest in the same, that being the only interest said Pierce had or could convey, though he sold and pretended to convey such half interest, and therefore the consideration to that extent had

failed; and they offered to pay any further sum that might be found due, and prayed judgment, etc.

The appellant's second amended paragraph sets up, substantially, the same defense as the first. In their third, they allege that Hubbard, as the assignee of Davis, was interested in the result of the suit, and prayed that he be made a defendant, and that his rights, with the others, be determined.

The appellee moved the court to strike out appellant's third paragraph, which motion the court sustained and ordered it struck out, to which appellants excepted. Appellee then filed a demurrer to the first and second paragraphs of appellant's amended answer. The court sustained the demurrer, and the appellants declined to plead over, whereupon the court rendered judgment against them for $1000 and costs. They moved for a new trial; their motion was overruled; they excepted and appealed to this court.

It is here urged that the court below erred in compelling appellants to paragraph their answer; that it erred in striking out their third paragraph, and also, in sustaining the demurrer to the first and second paragraphs of the answer.

When a party attempts to set up different defenses in a general answer, without designating his respective defenses, the court, upon motion, may properly compel such respondent to state separately his alleged defenses to the action, by properly setting out each cause of defense in a separate paragraph of his answer. *Civil Code*, sec. 116; *Newman's Plead. and Pract.*, 538, 539; *Lewis vs. Carter*, 9 *O. St.*; 1 *Duval*, 84. The third paragraph of the answer attempted to bring Hubbard before the court as a defendant, and in the attitude of seeking affirmative relief, by asking to have his claim of one-fifth interest in the printing office, presses, etc., adjudicated, in which claim he prays to be subrogated to Pierce's right to recover of Lyman et al., two-fifths of the sum Lyman agreed to pay him. He had no right to thus recover of the appellees, and he was not a necessary party to the suit, and the court did not err in refusing to allow him to be made a party

and in striking out this paragraph. *Sec.* 104 *Civil Code*; *Hancock vs. Johnson*, 1 *Met.*, 242; 8 *O. St.*, 293.

The only question remaining is the ruling upon the demurrer. If, as averred in the answer, Pierce did fraudulently represent that he owned one-half of the printing office, presses, etc., and sold that amount to Lyman for the sum alleged, when, in fact, he only owned three-tenths thereof, as averred, and did not and could not convey more than that, he was practicing a fraud upon Lyman, and to that extent there was a failure of consideration. If such facts did not exist, appellee should have taken issue upon the answer. Under the modern practice, Lyman was not bound to pay the full amount of the obligation given by him and others to Pierce, and then resort to a cross action for the damages sustained by such fraudulent representations, but he might recoup or withhold that amount from collection. *Wheat vs. Dotson*, 12 *Ark.*, 699; *Civil Code*, *secs.* 116, 117; *Stone vs. Stone*, 2 *Met.*, 339.

The court below erred in sustaining the demurrer to the first and second paragraphs of appellant's amended answer, and for that error the judgment is reversed, and the cause remanded, to be proceeded in to final judgment.