## Ann M. Hubert *vs.* John G. Fera.

In an action by a married woman, it is not necessary to allege her right to sue as such in the writ or declaration.

At the trial of an action for board of the defendant's wife after her desertion of him which is sought to be justified on the ground of his cruelty, the record of the dismissal, after a hearing of both parties on the merits, of a libel for divorce, which, after such desertion, she brought against him for the same acts of cruelty, is not conclusive of the facts then at issue.

CONTRACT by the keeper of a boarding-house on an account for board and lodging furnished by the plaintiff to the defendant's wife. Trial in the superior court, before *Wilkinson,* J.

Objection having been taken in the answer that the plaintiff was a married woman and had not alleged in her writ or declaration that the cause of action was a matter having relation to her separate property or business, the judge ruled that it was sufficient if the plaintiff's right to sue on the Gen. Sts. *c.* 108, § 3, was proved, without such an allegation.

One of the grounds of defence was, that during the time covered by the account the defendant's wife had deserted him and was living apart from him, without cause, and with the plaintiff's knowledge. The fact of the desertion was admitted by the plaintiff; and there was evidence tending to show the plaintiff's knowledge of it; but the plaintiff contended that the de-

sertion was caused and justified by cruel and abusive treatment of the husband, and introduced evidence to that effect. It was also admitted that, after deserting her husband, the wife brought a libel here against him for a divorce from bed and board for the same acts of alleged cruel and abusive treatment which were relied on by the plaintiff, and that this libel was dismissed after a hearing of both parties on the merits. The defendant asked the judge to rule that the decree dismissing the libel was conclusive in this action of the facts then at issue; but he refused so to rule.

The jury found for the plaintiff; and the defendant alleged exceptions.

*S. J. Thomas & L. S. Dabney*, for the defendant.

*C. Cowley*, for the plaintiff.

FOSTER, J. 1. When a suit at law is brought by or against a married woman, for a cause of action to which she is entitled, or for which she is liable, under our statutes it is not necessary to allege in the writ her marriage and that the subject matter of the suit was her sole and separate property or services. It is sufficient if the facts disclosed at the trial establish her right to recover, or her liability on account of her separate property. *Van Burên* v. *Swan*, 4 Allen, 380. *Robbins* v. *Potter*, 11 Allen, 588; *S. C.* 98 Mass. 532. Even at common law the rule was the same. " Where the *feme* was interested before or during her coverture in the subject matter of the action, and might join with the husband, but sues alone, her coverture can only be pleaded in abatement, and cannot be given in evidence under the general issue or pleaded in bar." 1 Chit. Pl. (11th Am. ed.) 449.

2. The record dismissing the libel *a mensâ* between husband and wife was not conclusive in favor of the husband in the present case. It did not show that he was not liable for the necessaries furnished by the plaintiff to his wife while she was living separate from him. This point was expressly adjudged in *Burlen* v. *Shannon*, 3 Gray, 387. For two plain reasons this is so: first, the libel was not a suit between the same parties; second, a wife may be living separate from her husband under such circumstances that he is liable for her support, although he is not

guilty of desertion, cruelty, or anything else for which she coul.
obtain a divorce *a mensâ* against him.

*Exceptions overruled.*