Mr. Justice MacArthur
delivered the opinion of the court:
It appears from the bill of exceptions that this was an action under the statute to regulate proceedings between landlord and tenant, and, the defendant pleading title in himself, the case was certified to this court. It also appears that, on the 1st day of November, 1871, Arthur W. Fiske, who is the husband of the plaintiff, owned the premises in dispute, and on that day gave, with his wife, a deed of trust thereon to B. H. Warner and George W. Stickney, to secure the payment of a note, made by the said Arthur W. Fiske ta Hugh Gaperton, for the sum of $3,000, due in two years from such date.
Seven days later, i. e., November 7,1871, Fiske and wife, by their deed, duly, executed, conveyed to the defendant the, same premises in consideration of $6,000, subject to the afore *432 ■said deed of trust, the payment of the note secured thereby being assumed by the defendant.
The said note not being- paid at maturity, the premises were advertised and sold at public auction to one Yirgil C. Gilman, for $5,000. Gilman transferred all his interests in the property to the plainti £f by a written assignment, directing the trustees to make and deliver the deed to her, which was done. Up to this time the plaintiff had no separate property, and she procured the money to make the payments to the trustees by executing new deeds of trust on the property for an aggregate of $4,500, her husband signing the notes with her, and giving her own note to her husband for the remaining $500. In this way she had paid the purchase-money in full to the trustees and secured the deed. Such is ■substantially a statement of her title.
On the other hand, the defendant asserts in his plea that he is the owner in fee of the premises, and that the plaintiff has no title whatever except by virtue of the conveyance made to her at the trustee’s sale, which he claims to be void. The evidence shows that Gilman bid off the premises, and that he requested the trustees to settle with the plaintiff and deliver her the deed, which they did upon her complying with the terms of sale. The defendant also read in evidence the •deed of the property which the plaintiff and her husband had executed to him on the 7th of November, as previously stated. He also called as a witness the plaintiff, who testified as follows : “ I am the wife of Arthur W. Fiske, heretofore sworn in this case. I am the owner of this property. I bought this property of Mr. Gilman on speculation. I gave my note to my husband for $500 as part of the purchase-money. The balance was raised by two deeds of trust on this property, •one for $2,000 and the other for $2,500. My husband signed these two notes with me. I have no separate estate of my ■own, and never had any. My husband raised the money on these two deeds of trust.”
The plaintiff then offered evidence as to the value of the rent of the premises during the prosecution of this suit, whereupon the jury returned the rental value of said premises at $35 per month for the term of thirteen months.
*433 The court instructed the jury to find a verdict for the plaintiff, to which the defendant excepted.
The record shows that the defendant had filed a plea at a former term of the court below, to the effect that the plaintiff, being a married woman, cannot maintain this action in her own name, because her declaration does not show that she has a separate estate acquired from other sources than that •of her husband. To this plea a demurrer had been interposed and sustained by the court. We will dispose of this point first: At common law a married' woman could not maintain an action in her own right without joining her husband in the suit with her, but the act of Congress regulating the rights of married women in this District enabled a married woman to maintain an action the same as if she were sole in regard to ‘ her separate estate. Kimboo vs. Bank, 1 MacA., 51. Nor do we think that it is necessary for her to allege in her declaration that the subject-matter of the suit relates to her separate estate and that she is a married woman. It will answer the requirements of the statute if these facts are disclosed at the trial. This is the settled construction of the corresponding statute in Massachusetts. The demurrer was properly overruled. Van Buren vs. Swan, 4 Allen, 380; Hubert vs. Fera, 99 Mass., 198.
The defense that the plaintiff claimed the premises under a void deed is inadmissible for the purpose of defeating this action upon the facts of the case. The consideration given by her for the premises in question, and paid in full, was 85,000. The property was sold under a deed of trust because the note secured by it was not paid by the defendant, who had assumed its payment when he took the property subject to that incumbrance. It is true that Gilman bid the premises off and assigned his interest to the plaintiff, but it is equally true that she has paid the purchase-money, complied with the terms of sale, and received the deed from the trustee. There is no evidence here tending to support the defense, and even if there was a defective execution of the power of sale, it is a matter which can be more satisfactorily examined in a court of chancery, where the proper parties can be heard and the equities of all protected.
The objection that the plaintiff is vested only with the *434 equitable title to the property does not lie to an action of this kind.
The counsel for defendant has cited many cases which show that in an action of ejectment the plaintiff will fail unless he is vested with the legal title. This proposition will not be denied, and is in full accordance with what we understand to be settled law. But the present is not an action of ejectment. It is a proceeding furnished the landlord by statute for the very purpose of a more speedy remedy. Inasmuch as the case only comes here for trial according to section 687, Revised Statutes, when the u defendant pleads title ” in himself, it would seem as if the defendant could only sue-. ceed when he had a title in his own right.' Although it has been incidentally suggested by some of the judges of this court that a form of pleading might be adopted similar to that in ejectment, it was as a matter of convenience, and without designing to assimilate the proceeding to the technical rules which govern that action. We do not feel called upon to embarrass a proceeding which was intended for a special contingency by converting it into the most technical form of action known to our jurisprudence.
The judgment below must be affirmed.