CHARLES P. GARDINER *vs.* INHABITANTS OF BROOKLINE.

Norfolk. November 20, 1901. — April 2, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Tax*, Domicil. *Evidence, Res Gestæ. Practice, Civil. Exception.*

On an appeal under St. 1890, c. 127, from a refusal of the town of Brookline to abate a tax assessed in 1899 upon the petitioner on the ground that the petitioner had changed his domicil in 1887 from Brookline to Newcastle, Maine, the town requested a ruling, that evidence that the petitioner in September, 1886, and on March 12, 1887, notified the selectmen of Newcastle of his intention of becoming a resident of that town, was incompetent and immaterial. The last named date was a few weeks before the petitioner left Brookline and took up his abode in Newcastle. The ruling was refused. *Held*, that the refusal was right. Although the first notification was immaterial, the last was admissible as qualifying and giving character to the act of the petitioner in moving to Newcastle.

Where a ruling requested is in part correct and in part errroneous and the party requesting it does not ask for a separate ruling on the correct part, no exception lies to the refusal of the whole ruling.

On an appeal under St. 1890, c. 127, from a refusal of the town of Brookline to abate a tax assessed upon the petitioner, it was *held*, that the facts, stated at length by the court, warranted the finding, that the petitioner had changed his domicil from Brookline to Newcastle, Maine, and had retained the new domicil thus acquired.

A man who owns a house in each of two towns may change his domicil from one of the towns to the other and, after he has done so, the fact, that in a particular year he happens to be living at his house in his former domicil on the first day of May, is of no consequence, unless the facts show an intention to resume his former domicil.

APPEAL, filed May 7, 1900, to the Superior Court, under St. 1890, c. 127, from a refusal of the assessors of the town of Brookline to abate a tax assessed upon the petitioner on May 1, 1899.

At the hearing before *Stevens*, J., it was admitted that the petitioner was liable to taxation on his real estate in Brookline, and on some cows kept there. The taxes sought to be abated were a poll tax and a tax on his personal property, the petitioner claiming a domicil at Newcastle in the State of Maine. The judge found in favor of the petitioner; and the respondent alleged exceptions.

*C. A. Williams*, for the respondent.

*R. F. Sturgis*, for the petitioner.

LATHROP, J.   The question in this case is whether the petitioner had his domicil in Brookline in this Commonwealth on May 1, 1899, or whether on that day he was domiciled in Newcastle, in the State of Maine.   The judge has found as a fact that the petitioner left Brookline in 1887, and went to Newcastle, intending to make the last named place his permanent home, and that he did this with an honest intention to change his domicil or permanent residence from Brookline to Newcastle, with the intention also of making the latter the place of his permanent and real home, as distinguished from a mere place of summer resort, and further that, down to the time of the assessment of the tax in 1899, the petitioner had not returned to Brookline with the intention of leaving Newcastle and making Brookline his permanent home.

The respondent made fifteen requests for rulings, all of which were given except four, and one of these was waived; and the case is before us upon the respondent's exceptions to the refusal to give the other three rulings, namely the ninth, eleventh and twelfth.

The ninth request is to the effect that the facts that the petitioner, in September, 1886, and on March 12, 1887, notified the selectmen of Newcastle, Maine, of his intention to become a resident of that town, are incompetent, immaterial and inadmissible.   It is very clear that this instruction could not be given as a whole.   While the fact that he gave the notification in September, 1886, might well have been excluded as immaterial, yet that given on March 12, 1887, a few weeks before he left Brookline and took up his abode in Newcastle was admissible as qualifying and giving character to the act done.   *Thorndike* v. *Boston*, 1 Met. 242.   *Kilburn* v. *Bennett*, 3 Met. 199.   *Cole* v. *Cheshire*, 1 Gray, 441.   *Viles* v. *Waltham*, 157 Mass. 542.   As the respondent did not ask for a separate ruling as to the declaration of September, 1886, the exception must be overruled.

The eleventh ruling requested is as follows : " Upon all the evidence in the case, the court would not be justified, as matter of law, in finding for the petitioner, or in ordering an abatement of any part of the tax assessed upon him, or in ordering judgment in his favor."   The admitted facts in the case are not numerous and may be briefly stated.   On May 1, 1899, the

petitioner was the owner of a house and estate in Brookline, of about sixty-six acres, and had owned the same since 1883. Until 1887, he had made it his legal residence. For several years before that time he had passed a short time in Newcastle every summer, not more than eight weeks in any year. In 1889, he bought and has since owned an estate in Newcastle, of eleven and a half acres, on which are a house, stable, and farm barn. This house, as well as the house in Brookline, is fully furnished and suitable for winter and summer use. The petitioner has a library and family portraits in each house ; but the main library and collection of pictures is in Brookline. From 1887 to 1889, the petitioner, with his family, lived, while at Newcastle, in a house given him rent free by his father-in-law. Since 1883, the petitioner has belonged to a church at Newcastle, and has neither attended nor belonged to a church at Brookline, although he is a member of a church in Boston. From 1887, the house at Brookline has been closed in the summer months, except that a woman, acting as care taker, has slept in the rear of the house ; and the petitioner did not spend any time at Brookline while his family was at Newcastle. In March, 1887, the petitioner notified the selectmen of Newcastle of his intention to become a citizen of that town, and in April he notified the authorities of Brookline of his change of residence, moved himself and family to Newcastle, and was occupying his house there on the last day of April and the first day of May in that year. It was admitted that the plaintiff would testify that he removed to Newcastle with the intention of making that house his home. He voted in Newcastle at every Presidential and State election from 1887 to the present time. From April, 1887, to July, 1889, the petitioner went to Newcastle with his family each year in April, remaining there several weeks. He was again in Newcastle every summer for two or three months, and off and on at other times in each year. From July, 1889, to 1893, he was at Newcastle with his family one half and more of each year. Since 1893, he and his family have been in Newcastle every summer, from July to October or later; in 1897, from July until late in November ; also in December, 1898, and in January, 1899. In the last named month he returned to Brookline and occupied his house there until about July 1, 1899.

From 1887 to 1894, both inclusive, the petitioner's name appears in the Boston Directory as follows: "Charles P. Gardiner, 2 Pemberton Sq. room 13, h. at Brookline." From 1895 to 1899, both inclusive, the petitioner's name appears in said directory as follows: "Charles P. Gardiner, 19 Pemberton Sq. room 13, h. at Brookline." The petitioner knew that his name so appeared, and made no objection.

As the judge who heard the case in the court below has made a finding of fact in favor of the petitioner, the only question before us is whether he was warranted in so finding. The case was submitted to him on certain facts admitted to be true, subject to their competency and materiality, and he also had the power expressly given him to draw such conclusions of fact from such of the facts as were competent and material, as might be necessary for a decision of the cause. The judge excluded many admitted facts, at the request of the respondent, and these we have not stated. We have no doubt that his finding in favor of the petitioner was fully warranted.

" The question what constitutes domicil is mainly a question of fact, and the element of intention enters into it." *Olivieri* v. *Atkinson*, 168 Mass. 28. See also *Wright* v. *Boston*, 126 Mass. 161, 163.

If a man owns land in two towns, he may determine where his home shall be, and thus incidentally where he shall be taxed. *Fisk* v. *Chester*, 8 Gray, 506. He may even change his domicil from one town to another merely because he wishes to diminish the amount of his taxes. *Draper* v. *Hatfield*, 124 Mass. 53. Nor is there anything in law which prevents his living in two States in different parts of the year, although he can have but one domicil.

The petitioner's evidence that he intended to change his domicil was believed by the judge, and this was accompanied by the physical facts above set forth; and on the whole evidence it cannot be said, as matter of law, that the finding was wrong. If a change of domicil had been effected, the fact that the petitioner was in Brookline on the first day of May is of no consequence.

The twelfth request for instructions was refused, as the judge has expressly stated, because of his finding of fact which we

have already set forth; and the counsel for the respondent at the argument very properly stated that he could not press his exception to the refusal to give the instruction requested.

*Exceptions overruled.*