WILLIAM H. COFFIN & others *vs.* JAMES J. GRACE.

Suffolk.   January 24, 1908. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions, Conduct of trial.   *Broker,* Commission.   *Evidence,* Presumptions and burden of proof, Relevancy and materiality.   *Custom.*   *Witness,* Cross-examination.

Where, at a trial before a judge without a jury, the evidence is conflicting and contradictory and is comprised both of documents and of oral testimony, a finding of fact by the presiding judge, which the evidence introduced by one of the parties tends to prove, will not be reversed by this court on exceptions taken by the defeated party.

At the trial before a judge without a jury of an action of contract brought by a real estate broker to recover a commission alleged to be due him from the defendant for negotiating a lease from the defendant to one H., the judge found, on evidence which warranted the finding, that, at a time when one C. held the premises under a lease from the defendant, the defendant employed the plaintiff to procure for him another lessee, the defendant knowing that C. was not a strong tenant financially; that the plaintiff procured H. as a lessee, and the terms of a lease from C. to H. were agreed upon; that C. then died, the defendant terminated the lease under which C. had held the premises and executed a lease to H. for the remainder of the term covered by C.'s lease; that the negotiations with C. and those with the defendant after C.'s death were all virtually parts of one transaction; that the defendant accomplished his purpose of making a lease by reason of the services of the plaintiff as broker, and that the plaintiff was the efficient cause of bringing about the lease.   *Held,* that a finding for the plaintiff was justified.

At the trial before a judge without a jury of an action of contract by a real estate broker to recover a commission alleged to be due him for negotiating a lease for the defendant of property in Boston, the plaintiff offered and the judge admitted evidence tending to show that it was a custom in Boston, in cases where a lease was negotiated and a broker was entitled to a commission but there had been no express agreement as to whether the lessor or the lessee should pay the broker's commission, for the lessor to pay it.   The judge admitted the evidence and the defendant excepted and, at the close of all the evidence, asked for a ruling that the custom as a matter of law could not be taken into consideration by the judge.   The judge found, on evidence which warranted him in doing so, that the defendant employed the plaintiff to procure a lessee of the premises ;

and he granted the request for ruling " but solely for the reason that a contract of employment existed between the plaintiff and the defendant." *Held*, that, in view of the finding, the exception to the admission of the evidence of the custom became immaterial.

At the trial of an action of contract by a real estate broker to recover a commission alleged to be due him from the defendant for negotiating a lease for the defendant, the defendant contended that not the plaintiff, but one P. negotiated the lease for him, and, in support of his contention, offered in evidence a letter to him from the lessee, who was living at the time of the trial. The letter bore the same date as did the lease, and in it the lessee stated : " In anticipation of the lease about to be entered into between us . . . and in answer to the inquiry as to who is the broker who has actually effected this deal, would say that . . . we approached P., as your agent, and have carried on our negotiations directly with him and he is the sole party who has been instrumental in any way in effecting this deal between us." The evidence was excluded. *Held*, that the evidence properly was excluded since it contained a recital of past transactions and was not a communication made in the course of negotiations for the purpose of bringing about a lease.

It is within the discretion of the judge presiding at the trial of an action of contract by a real estate broker for a commission alleged to be due to him for negotiating a lease for the defendant, in which a question at issue is whether the defendant had more than one interview with the plaintiff with regard to leasing the premises and the defendant has testified in direct examination that he had not had more than one such interview, to permit him to be asked in cross-examination whether he ever had had an interview with the plaintiff about the time of the transactions in question with regard to mortgaging certain other premises, the plaintiff stating that he desired to fix the date of the conversation as to mortgaging and thus to refresh the defendant's recollection with regard to other conversations as to the leasing transaction ; and an exception by the defendant to the allowance of such question will not be sustained, especially where it appears that, in answer to it, the defendant stated that he did not remember any such interview with regard to mortgaging other premises.

CONTRACT for a commission alleged to be due to the plaintiffs, real estate brokers doing business under the firm name of Coffin and Taber, for procuring for the defendant a lease to the Henry H. Tuttle Company of certain premises on Tremont Street in Boston. Writ in the Superior Court for the county of Suffolk dated March 7, 1906.

There was a trial before *Schofield*, J., without a jury.

The evidence as to a custom, referred to in the fourth paragraph of the opinion, was to the effect that, in cases where a lease was negotiated and a broker was entitled to a commission, but there had been no express agreement as to whether the lessor or the lessee should pay the broker's commission, there existed in Boston a custom that the lessor should pay the commission.

The defendant contended, and introduced evidence tending to show, that his son, Pierce J. Grace, was the efficient, moving cause of the lease which finally was negotiated, and, when the treasurer of the Henry H. Tuttle Company was testifying, offered as evidence in support of his contention the letter of one Redfern, referred to in the fifth paragraph of the opinion. It appeared that Redfern was alive and could have been brought in as a witness by the defendant. The letter was dated February 7, 1906, which was also the date of the lease of the defendant to the Henry H. Tuttle Company. The letter, which was addressed to the defendant, and was signed "Benj. F. Redfern, Prest. The H. H. Tuttle Co.," was as follows: "In anticipation of the lease about to be entered into between us for the store and basement premises at 159 Tremont Street, and in answer to the inquiry as to who is the broker who has actually effected this deal between us, would say that immediately upon the death of the late Mr. T. D. Cook, and learning that the property which had been leased to him had come back into your hands, we approached your son, Mr. Pierce J. Grace, as your agent, and have carried on our negotiations directly with him and he is the sole party who has been instrumental in any way in effecting this deal between us."

It was admitted by the plaintiffs that, if present, Redfern would have testified that the facts stated in the letter were the facts that were in his mind at the time when he wrote it and that he would reiterate as facts what the letter stated.

The judge excluded the letter on the ground that it was a recital by Redfern of past transactions and not a communication made in the course of negotiations for the purpose of bringing about a lease.

The defendant in direct testimony stated that he had had one conversation with the plaintiff Taber with regard to leasing the property. In cross-examination, he was asked the question stated in the fifth paragraph of the opinion for the purpose of fixing the date of the conversation as to the mortgage so as to refresh the defendant's recollection with regard to other conversations which, the plaintiffs contended, he had had with the plaintiff Taber. The question was allowed to be put, subject to the exception by the defendant. The answer was "I cannot say."

At the close of the evidence, the defendant requested the judge to rule: (1) that, upon all the evidence in the case, the plaintiff could not recover; (2) that, in order to recover, "the plaintiffs must show that they were the actual, moving, efficient cause which brought about the lease to Tuttle Company"; (3) that, "as a matter of law, it is not sufficient that they introduced the person who finally took the lease, to wit, Tuttle Company, to Pierce J. Grace or to James J. Grace during the continuance of the Cook lease"; (4) that there was no evidence in the case which would warrant the judge in finding that the plaintiffs were the efficient, moving cause of the lease between Grace and the Tuttle Company, and that they could not recover; (5) that the custom introduced in evidence as a matter of law could not be taken into consideration by the judge in the decision of the case.

Besides making findings of fact as stated in the opinion, the judge refused the defendant's first and fourth requests for rulings generally; granted the second request; granted the fifth request "but solely for the reason that a contract of employment existed between the plaintiffs and the defendant"; and refused to grant the third request for the reason that it asked "for a ruling upon the effect of a single fact, leaving out other material facts which exist in the case"; and the defendant alleged exceptions.

*C. W. Bartlett, E. R. Anderson & A. T. Smith,* for the defendant.

*G. D. Burrage,* for the plaintiffs.

HAMMOND, J. This case is before us upon exceptions taken by the defendant. It was tried by a judge sitting without a jury. The judge found (1) that the plaintiffs were employed by the defendant as brokers to procure a lessee for the premises, (2) that at the time the plaintiffs were so employed the premises were occupied by one Cook under a lease from the defendant, (3) that Cook was not a strong tenant financially as the defendant knew, (4) that the terms of a lease from Cook to the Henry H. Tuttle Company, a lessee procured by the plaintiffs, were agreed upon, (5) that Cook died on January 26, 1906, without executing the lease, (6) that after Cook's death the defendant terminated the lease for breach of condition and on February 7,

1906, executed to the Henry H. Tuttle Company a lease of the premises in question for a term equal to the residue of Cook's term, (7) that the negotiations with Cook and those with the defendant after Cook's death were all virtually parts of one transaction, (8) that the defendant accomplished his purpose of making a lease by reason of the services of the plaintiffs as brokers in procuring a lessee, and (9) that the plaintiffs were the efficient cause of bringing about the lease. If no error has been made in matters of evidence and these findings are justified by the evidence, they must stand, and, if they stand, the plaintiffs have made out a case.

It is strenuously argued by the defendant that of the findings, neither the first, third, seventh, eighth or ninth as above numbered is warranted by the evidence. In cases where there is a contention that the evidence does not warrant a certain finding or verdict, it is always a question, to be solved under a sound discretion, as to what extent the evidence should be rehearsed in the opinion. In a close case, especially where the decision turns upon distinctions somewhat subtle and the materiality and probative force of some portions of the evidence are not likely to be appreciated without careful marshalling and comparison of its different parts, direct and circumstantial, it is frequently useful and indeed desirable that the evidence should be recited and discussed in detail; but often, especially where the evidence is such that its bearing may be easily seen, and where there is a conflict of testimony and the decision turns upon the comparative degree of credit to be given to the witnesses on the one side and the other, no useful purpose is served by going over the evidence in detail.

Upon a careful study of the evidence in the case before us, the materiality and probative force of its different parts and the proper inferences to be drawn from the facts proved are easily seen and comprehended. It is true there is conflict in the oral evidence, but in such a case, to which side credit should be given is for the trier of the facts, whether judge or jury. We are of opinion not only that the findings to which the defendant objects are warranted by the evidence, but also that they are by far the most reasonable explanation of the acts of the parties, and that this so clearly appears that no further discussion is necessary.

There being evidence to support the finding that the plaintiffs were employed by the defendant, the exceptions to the evidence as to the existence of a custom that in certain cases the lessee shall pay the broker's commission becomes immaterial. And for the same reason the defendant has no ground for complaint as to the manner in which the judge dealt with his fifth request.

The letter of Redfern, for reasons stated by the judge at the time, was properly excluded. The questions put to the defendant on cross-examination as to whether he had some talk with Taber about the time of Cook's death in regard to placing a mortgage upon certain other property was admissible within the discretion of the judge for the limited purpose for which it was offered; and in any event the defendant could not have been prejudiced by the answer.

For reasons stated by the judge, the defendant was not entitled to the third ruling requested. It was a request for a ruling upon the effect of a single fact, leaving out other material facts which existed in the case.

It follows that the record shows no error. The findings must stand.

*Exceptions overruled.*