JOSIAH BABCOCK *vs.* MABEL H. SLATER.

Norfolk. May 21, 1912. — June 19, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Tax,* Assessment. *Domicil. Res Judicata.*

In an action by a tax collector of a town for the amount of a tax on personal property the defendant contended that at the time of the assessment of the tax his domicil was in another town. A judge who heard the case without a jury found specially, on evidence which warranted the finding, that thirteen months before the tax was assessed the defendant while in a house belonging to him in the other town had intended to make it his home, but that he did not do so by his acts, and found for the plaintiff. *Held,* that the finding for the plaintiff was warranted.

In an action by the tax collector of a town for the amount of a tax assessed upon personal property of the defendant, a decision of the board of appeal under St. 1909, c. 490, Part III, § 68, affirming, on an appeal by that town, a decision of the tax commissioner under St. 1906, c. 463, Part II, § 217, determining that the proportion of the franchise tax corresponding to certain shares of a Massachusetts railroad corporation, which were owned by the defendant at the time of the assessment of the tax which was the basis of the action, was due to a town other than the plaintiff's, is not an adjudication, binding on the plaintiff in favor of the defendant, to the effect that the defendant's domicil was in such other town.

CONTRACT, by the collector of taxes of the town of Milton to recover the amount of a tax assessed upon real estate and personal property of the defendant for the year 1906. Writ dated December 9, 1907.

The defendant admitted her liability to pay the tax upon her real estate.

The case was heard by *Fessenden,* J., without a jury. The evidence relating to the decision of the board of appeal, referred to in the opinion, was a record of an appeal by the town of Milton from a decision of the tax commissioner giving to the town of Webster the corporation tax on certain shares of the stock of Massachusetts railroad corporations owned by the defendant on May 1, 1906. The board's decision affirmed that of the tax commissioner. The trial judge admitted the evidence and ruled that it was not conclusive; and the defendant excepted.

The defendant's husband died on August 12, 1899. The improvements on the Milton estate mentioned in the opinion began in 1902. Other facts are stated in the opinion.

The judge found for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

*S. L. Whipple, W. R. Sears & H. W. Ogden,* for the defendant.
*A. Hemenway & R. W. Dunbar,* for the plaintiff.

SHELDON, J. It could not have been ruled as matter of law that the plaintiff was not entitled to recover. It could be found that after the death of her husband the defendant resumed her domicil of origin in Milton, and had not since changed her domicil. She had inherited from a parent an undivided interest in a large estate in Milton, and afterward acquired the whole title therein. Upon this estate she built a large and costly house, furnished it completely, and appears to have resided there when she was not travelling or temporarily sojourning in other places. She paid without objection taxes assessed upon her general personal estate in Milton during the years 1901 to 1905, inclusive. She paid no taxes upon her general personal estate in Webster, which she now alleges to have been her domicil, until the year 1908, and only during the years 1905, 1906, and 1907 a small sum on furniture and horses, which seem to have been assessed to her with real estate which she owned in that town. R. L. c. 12, § 23, cl. 3. She made only rare and brief visits to her house in that town. She went to Webster on March 18, 1905, to arrange for the opening of her house for occupation in the early spring, and she then caused herself to be registered as a voter in that town. Her stay however was very short, apparently only for that day. Soon after the middle of the next April she again went to Webster, and remained there until about May 13, when she returned to Milton, and there abode until about the first day of June, when she went to Bar Harbor. From that summer resort she returned to Milton, and remained there until about January 30, 1906, when she went to Washington, remaining there until May 16, 1906. In April, 1905, she was elected a trustee of the public library in Webster for the term of three years, and she accepted this office and acted as such trustee. She testified however that she never had voted in Webster, and never had attended a meeting of the trustees of the library.

We find no evidence that before her visits to Webster in 1905 she spent any whole day or night in that town after 1901, except her testimony that she never had been in America on Memorial Day without going to the Webster cemetery. She received in 1904 two assignments of mortgages in which she was described as of Milton. When she went to Webster in April, 1905, she had a piano and some plants and furniture moved thither from her house in Milton, and afterwards brought back to Milton. She issued cards for "at homes" in Milton, but never since 1899 had any cards with Webster as an address upon them.

Manifestly upon this evidence, if there were nothing more, the trial judge was warranted in finding that Milton was her domicil on May 1, 1906. Her payment of personal taxes in Milton was, as against her, some evidence that her domicil was there. *Harvard College* v. *Gore*, 5 Pick, 370, 374. *Lyman* v. *Fiske*, 17 Pick. 231, 235. *Mooar* v. *Harvey*, 128 Mass. 219, 220. *Mitchell* v. *United States*, 21 Wall. 350, 353. Her acceptance of deeds describing her as of Milton had the same tendency. *Weld* v. *Boston*, 126 Mass. 166. The apparent fixity of her residence at Milton as her regular home tended strongly to support the finding which was made.

The judge found specially that about the middle of April, 1905, while she was actually in her Webster house, she had the intention of making Webster her home, but that she did not by her acts make it her home. This finding does not help her. To establish a change of domicil, fact and intent must concur. *Holmes* v. *Greene*, 7 Gray, 299, 300. The mere desire to have a domicil in a certain place with the intention that it shall be so is not enough, where, as here, there is no actual change of abode and apparently no intention of performing any of the acts which are necessary to constitute such a change. *Jennison* v. *Hapgood*, 10 Pick. 77. *Chicopee* v. *Whately*, 6 Allen, 508. *Viles* v. *Waltham*, 157 Mass. 542. *Olivieri* v. *Atkinson*, 168 Mass. 28, 29. *Dickinson* v. *Brookline*, 181 Mass. 195. *Barron* v. *Boston*, 187 Mass. 168. The purpose to change is not enough, unless carried into execution. *Thorndike* v. *Boston*, 1 Met. 242, 247. *Thayer* v. *Boston*, 124 Mass. 132. *Pickering* v. *Cambridge*, 144 Mass. 244, 245, 246, 248. *Gardiner* v. *Brookline*, 181 Mass. 162, 165.

The decision of the board of appeal is not decisive in this case. That decision is by the statute "final and conclusive" as to the

distribution of the so called corporation tax. R. L. c. 14, §§ 62, 65. St. 1903, c. 437, § 87. St. 1906, c. 463, Part II, § 217. St. 1909, c. 490, Part III, § 68. As between the towns of Milton and Webster, it settled absolutely their right to the taxes assessed for the securities in question for that year. But it bound only those towns and only as to themselves. Like any judgment, it bound only parties and privies. It was not a judgment *in rem* or one that settled a status or a public right, like the laying out of a highway or the determination of a right to a public office. *Gilkey* v. *Watertown,* 141 Mass. 317. *Hadley* v. *Mayor of Albany,* 33 N. Y. 603. *Beall* v. *State,* 9 Ga. 367. *Longinette* v. *Shelton,* 52 S. W. Rep. 1078. *Rubber Co.* v. *Goodyear,* 9 Wall. 788. Nor is this like the question presented where the liability of an officer or member of a corporation or *quasi* corporation depends upon the recovery of a judgment against the corporation itself, as in *Norfolk* v. *American Steam Gas Co.* 108 Mass. 404, 406, and *Gaskill* v. *Dudley,* 6 Met. 546. Mrs. Slater would not have been bound by this decision if she had chosen to contend that she was not liable to taxation in Webster upon her personal property. Neither can this plaintiff be bound by it as to her. *Burlen* v. *Shannon,* 3 Gray, 387. We know of no ground for saying that she was privy to this proceeding before the board of appeal, of which she was not entitled to notice, in which she had no right to be heard, and in which no question affecting her individual rights was to be decided. The mere fact that the same question is involved here which was passed upon there is not material. *Hubert* v. *Fera,* 99 Mass. 198. *Barney* v. *Tourtellotte,* 138 Mass. 106. *Sturbridge* v. *Franklin,* 160 Mass. 149. *Dallinger* v. *Richardson,* 176 Mass. 77. *Duffee* v. *Boston Elevated Railway,* 191 Mass. 563.

As there was no erroneous ruling of law at the trial and the findings made were warranted by the evidence, we cannot interfere with the result which was reached. *Thayer* v. *Boston,* 124 Mass. 132, 143. *Coffin* v. *Grace,* 198 Mass. 104.

*Exceptions overruled.*