### In re SEDGWICK.

(District Court, D. Massachusetts.  April 20, 1915.)

No. 20435.

**1. DOMICILE ⬒10—EVIDENCE—SUFFICIENCY.**

On motion to dismiss a voluntary petition in bankruptcy, evidence *held* not to show that the bankrupt had established a domicile within the territorial jurisdiction of the court.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. § 39; Dec. Dig. ⬒10.]

**2. DOMICILE ⬒4—REQUISITES—ACTS.**

Intention alone is not sufficient to establish a domicile, which is a man's permanent home, as distinguished from transitory residences; but such intention must be supported by acts to become effective.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. §§ 5–23; Dec. Dig. ⬒4.

For other definitions, see Words and Phrases, First and Second Series, Domicile.]

**3. DOMICILE ⬒10—EVIDENCE—REGISTRATION.**

The acts of town authorities in registering a man as a voter and assessing a poll tax against him are evidence of his domicile, but are not judicial determinations, conclusively establishing his status.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. § 39; Dec. Dig. ⬒10.]

In Bankruptcy.  Voluntary proceedings by Robert Sedgwick.  On motion to dismiss the petition for lack of jurisdiction.  Motion granted.

Otto B. Schmidt, of New York City, for creditors.

Augustus H. Skillin, of New York City, for bankrupt.

MORTON, District Judge.  This is a motion to dismiss a voluntary petition in bankruptcy for lack of jurisdiction.  The act confers jurisdiction in respect to such persons as "have had their principal place of business, resided, or had their domicile" within the district where the petition is filed.  It is clear that the petitioner had no place of business in this district, and he did not reside here; and no contention is made that this court has jurisdiction upon either of those grounds. The only question is whether the petitioner was domiciled here at the time when this petition was filed on January 31, 1914.  He contends that at that time his domicile was in Lenox, Mass.; the objecting creditors contend that it was either in Newport, R. I., or in New York, N. Y.

[1] In 1908 the petitioner was domiciled in Newport, R. I., where he voted and was a candidate for elective office.  The Newport domicile was apparently based on a summer residence there.  For many years the winter residence of the petitioner had been in New York City, generally in some hotel.  His place of business was and is there. He testifies that his wife's domicile has been for a number of years and still is New York City.  They live together, and he receives an allowance from her.  Such household goods and effects as he himself owns were and are kept at the New York residence.  Aside from

⬒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

personal and traveling effects, he has owned no property in Lenox since 1908, except a burial lot.

Under these circumstances, in March, 1910, the petitioner went to Lenox and had himself registered as a voter there. He had not been in Lenox for months previous, and he stayed only a few days at that time, either visiting relatives or stopping at the hotel. He had no intention of removing to Lenox, nor of making that his real place of abode, nor of establishing an actual residence there, and he never afterwards did any of those things. He spent the following summer in Europe with his family. The following autumn he had his name removed from the Newport voting list and voted in Lenox. He has ever since been assessed a poll tax there and kept on the voting list. He has visited Lenox, as he says, "most of the years" since 1910, staying either with relatives or at the hotel; but such visits were casual and of short duration. The Sedgwick family, to which the petitioner belongs, is what would ordinarily be referred to as a Stockbridge or Lenox family. His father resided there many years, and the respondent's boyhood was passed there. Many of his ancestors and relatives have lived in Lenox or in Stockbridge. On this account Mr. Sedgwick has regarded Lenox as—in his own words—his "sentimental home." He intended in entire good faith and with no ulterior motive whatever to establish his domicile there in 1910.

[2] If domicile were only a matter of intent, I should have no hesitation in agreeing with the learned referee that domicile in Lenox was proved. But domicile is more than a mere matter of intention. It is a man's permanent home, as distinguished from transitory residences. Mitchell v. U. S., 21 Wall. 350, 352, 22 L. Ed. 584. A person cannot, simply by choosing and intending in good faith to make a certain place his domicile, effect that result. The intent to change domicile is ineffective, unless supported by adequate facts; there must be an actual removal animo manendi. "The change cannot be made, except facto et animo. Both alike are necessary. Either without the other is insufficient." White, J., Sun Printing Co. v. Edwards, 194 U. S. 383, 24 Sup. Ct. 696, 48 L. Ed. 1027. Citizenship as between the various states depends upon domicile; and there are many decisions holding with some strictness that a bona fide intention to become a citizen of another state failed because the facts were not sufficient to carry it out. See Simpson v. Phillipsdale Co. (D. C., Mass., Jan. 5, 1915) 223 Fed. 661.

[3] The acts of the town authorities in Lenox in registering Mr. Sedgwick as a voter, and in assessing a poll tax on him, were not judicial determinations establishing his status; they are evidence, but not conclusive. Mr. Sedgwick desired Lenox to be his domicile, but he did not intend to establish his home, or even a residence, there. His principal residence, and his real home, as much as he had one, remained in New York. It seems to me that what Mr. Sedgwick did was not sufficient to give him a domicile in Lenox; and I so find and rule. It follows that the decision of the referee must be reversed, and the motion to dismiss must be allowed.

So ordered.