### LEAVE v. BOSTON ELEVATED RY. CO.
#### No. 6434.

District Court, D. Massachusetts.

May 5, 1936.

Sidney Newman and Daniel A. Shea, both of Boston, Mass., for plaintiff.

Maurice P. Spillane, of Boston, Mass., for defendant.

Before ELISHA H. BREWSTER, U. S. District Judge.

BREWSTER, District Judge.

Defendant's answer in abatement raises the single question whether the plaintiff is a citizen of New Hampshire, as he alleges in his writ and declaration.

From the evidence it appears that the plaintiff had, prior to 1934, a fixed domicile in Massachusetts. From 1927 to 1934 he and his wife lived in Watertown in a home which he owned. In 1934 he rented an apartment in Boston, on Medfield street, in which apartment he and his wife have lived except when they were living at Hampton Beach, N. H.

It appears that the Medfield street apartment was shared with another party but that the plaintiff was regarded as the tenant, and it was deemed his Boston residence continuously since 1934.

About eleven years ago plaintiff acquired a lot of land in Hampton, N. H., and in 1930 he built a small cottage, suitable for habitation only during the summer months. In 1934 and 1935 plaintiff spent about eight months each year at this cottage, and both the plaintiff and his wife declare that it is their intention, and has been since the spring of 1934, to become domiciled in New Hampshire.

In 1934 the plaintiff registered his automobile in New Hampshire for the year 1935, and, in order to do so, was obliged to pay a poll tax in New Hampshire for 1934. He also paid a poll tax in Watertown in the same year. In 1935 he paid a

poll tax in New Hampshire only. Except for the residence in New Hampshire and the payment of these poll taxes, the acts of the plaintiff from 1934 to the time of suit were consistent only with a domicile in Massachusetts. In his application for license to operate an automobile, in 1934 and 1935, he gave only Medfield street as his residence. He filed an income tax return in Massachusetts on his income for the year 1934 and made his return of federal income to the Massachusetts collector of internal revenue.

The plaintiff is a musician whose employment has been wholly in Massachusetts, and, when he was employed, he lived for the greater part of the time in Massachusetts, although there were times when he commuted from Hampton.

When plaintiff gave up his home in Watertown, a portion of his furniture was moved to Hampton and either used in his cottage there or stored with friends. One of the plaintiff's closest friends, a fellow musician, bought a lot in Hampton Beach at the same time that the plaintiff did, and he has since gone there to live. He and plaintiff had talked over many times plans to make Hampton their home at some time.

■ The question presented is whether the plaintiff, unquestionably a citizen of Massachusetts prior to 1934, has since acquired a domicile in New Hampshire. In order to acquire a domicile of choice, a person must establish a new dwelling place with the intention of making it his home. Restatement of Conflict of Laws, § 15. Two things must concur; there must be physical presence at the new dwelling place, and there must be a present intention to reside there permanently or indefinitely, without any certain purpose to return to a former place of abode. Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360; Baker v. Keck (D.C.) 13 F.Supp. 486; Harvard College v. Gore, 5 Pick.(Mass.) 370; Wilbraham v. Ludlow, 99 Mass. 587; Tuells v. Flint, 283 Mass. 106, 186 N.E. 222.

■ Whether a change of domicile has in fact taken place depends upon a consideration of all the circumstances surrounding the alleged change. As said by Shaw, C. J., in Abington v. North Bridgewater, 23 Pick.(Mass.) 170, at page 178: "It depends not upon proving particular facts, but whether all the facts and circumstances taken together, tending to show that a man has his home or domicil in one place, overbalance all the like proofs, tending to establish it in another."

In the present case, the plaintiff was undoubtedly physically present at the cottage in Hampton Beach during some part of each year. The question is therefore whether he also regarded it as his present home. Three facts have been proved which might tend to prove that the plaintiff regarded Hampton Beach as his home.

In the first place, if both the plaintiff and his wife had declared it to be their intention to become domiciled in New Hampshire, such a declared intention alone would not be sufficient to establish a new domicile. As stated in section 19 of the Restatement of Conflict of Laws: "The intention required for the acquisition of a domicil of choice is an intention to make a home in fact, and not an intention to acquire a domicil."

■ An intention that a certain place shall be a domicile is not conclusive where the person in fact has a domicile elsewhere. In re Sedgwick (D.C.) 223 F. 655, 656; Granite Trading Corporation v. Harris (C.C.A.) 80 F.(2d) 174; Feehan v. Tax Commissioner, 237 Mass. 169, 129 N.E. 292; Babcock v. Slater, 212 Mass. 434, 99 N.E. 173.

In the Sedgwick Case, a man who passed his summers in Newport, R. I., and his winters in New York City, attempted to establish his domicile in Lenox, Mass., where his family had originated, by going there for a few days each year, registering as a voter, and paying a poll tax. Judge Morton said: "If domicile were only a matter of intent, I should have no hesitation in agreeing with the learned referee that domicile in Lenox was proved. But domicile is more than a mere matter of intention. It is a man's permanent home, as distinguished from transitory residences. Mitchell v. United States, 21 Wall. 350, 352, 22 L.Ed. 584. A person cannot, simply by choosing and intending in good faith to make a certain place his domicile, effect that result. The intent to change domicile is ineffective, unless supported by adequate facts; there must be an actual removal animo manendi."

In my opinion, the evidence only goes to show an intention to acquire at some future time a domicile in New Hampshire. It falls short of establishing there a "home in fact."

No authority has been found indicating the weight to be attached to the act of registering an automobile from a particular place. In view of the discrepancy in insurance rates between Boston and points located as Hampton Beach, N. H., of which the Court may take judicial notice, the act of registration from Hampton Beach would not seem to have much bearing upon the question of domicile.

The payment of a poll tax is evidence of domicile, but is not conclusive. In re Sedgwick, supra; Baker v. Keck, supra.

In the present case, it appears that the plaintiff had to pay the poll tax in order to register his car. This fact would seem to weaken considerably any inference his action in that regard might otherwise have.

It would seem, therefore, that these considerations are not enough to overbalance the fact that the plaintiff's employment remained in Boston, that he continued to live in Boston during the winter months, and that the cottage in Hampton Beach was not habitable during the winter months.

Defendant's answer in abatement is sustained.