## SHERMAN v. ROOSEVELT CO.
### Civil Action No. 1908.

District Court, D. Massachusetts.

Jan. 11, 1943.

Robert M. Morrison, of Boston, Mass., for plaintiff.

Haussermann, Davison & Shattuck and Robert H. Davison, all of Boston, Mass., for defendant.

FORD, District Judge.

This is an action based on Chapter 156, Section 46, of the General Laws of Massachusetts (Ter.Ed.) Annotated Laws of Massachusetts, Vol. 5, p. 109, brought by Ernest Sherman, plaintiff, a stockholder in the defendant corporation. It comes before me on defendant's amended motion to dismiss, the grounds being: (1) That plaintiff is a citizen of Massachusetts rather than of Connecticut as alleged in the complaint and, consequently, there is no diversity of citizenship; (2) that the amount in controversy is less than three thousand dollars; and (3) that the plaintiff is not the real party in interest.

■ Citizenship, for the purposes of this case, depends upon domicile. Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360; Prince v. New York Life Ins. Co., D.C., 24 F.Supp. 41; Leave v. Boston Elevated Ry. Co., D.C., 14 F.Supp. 775. It is clear that plaintiff was domiciled in Massachusetts when he lived there with his parents, and the question now arises as to whether he has since acquired a domicile in Connecticut.

The plaintiff is twenty-nine years of age, unmarried, and formerly lived with his parents in Brookline, Massachusetts. On July, 1941, he obtained a position as a travelling assistant transportation inspector, based at Boston, for the New York,

New Haven and Hartford Railroad. In October, 1941, while on assignment at New Haven, the plaintiff was made acting assistant locomotive distributor, based at New Haven, taking the place of a man who was sick, but still retaining his title as assistant transportation inspector. When one is based at a particular place it means that any expense incurred outside the base can be put on the monthly expense account. In any event, he ceased to be based at Boston in the early part of December, 1941, and has since been based at New Haven.

Plaintiff has lodged in New Haven at the Y.M.C.A., since December, 1941, where he has a single room containing a bed, dresser, desk, easy chair, and two other chairs. He pays $5.50 per week for the room and takes his meals at restaurants. He has his clothes, personal effects, pipes, and books with him at New Haven. All other things (old college books, old clothes, and a couple of musical instruments) are at his parents' home in Brookline. Before stopping at the Y.M.C.A., he lived at the Hotel Garde, in New Haven, from September, 1941, until December of the same year.

On January 1, 1942, the plaintiff was dropped from the poll tax list of Brookline. He is on the tax assessor's list in New Haven and paid the old age pension tax which Connecticut assesses. He filed a state income tax return in Massachusetts for 1941; there is no state income tax in Connecticut. He has continued to file his federal income tax returns with the collector at Boston.

When he went to New Haven, or shortly thereafter, the plaintiff closed out a savings account he had in Boston and used the money withdrawn to buy war bonds. These bonds and certain stock certificates owned by the plaintiff are kept in his father's safety deposit box located somewhere in the vicinity of Boston. He has a savings bank account in Cambridge, Massachusetts.

When the plaintiff lived in Brookline he shared a room with his older brother. Now, he returns to his former abode about twice a month on week-ends and occupies the same room as he formerly did.

To acquire a domicile of choice, a person must establish a new dwelling place with the intention of making it his home. There must be presence at the newly established dwelling place, and, at the same time, there must exist an intention to reside there permanently or indefinitely, a change facto et animo. Sun Printing & Publishing Association v. Edwards, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027; Ennis et al. v. Smith et al., 55 U.S. 400, 423, 14 L.Ed. 472; Leave v. Boston Elevated Ry. Co., 14 How. 400, supra; Restatement, Conflict of Laws, Sections 15–20. All the circumstances must be considered in determining whether a change of domicile has been made. A mere intent to change domicile will not alone work a change; the intent must be borne out by adequate facts. Sun Printing & Publishing Association v. Edwards, supra, 194 U. S. page 383, 24 S.Ct. 696, 48 L.Ed. 1027; In re Sedgwick, D.C., 223 F. 655.

The plaintiff's move to Connecticut was motivated by his work. He testified, by deposition, that the position he holds in New Haven is permanent, a life job as far as he can tell. He says that his domicile is Connecticut, that he intends it to be such. However, as stated above, the intent to reside permanently in a place must be borne out by adequate facts. Practically all the plaintiff's worldly possessions, aside from the bare necessities, are located in his father's safety deposit box in Massachusetts; the only savings account he has is in Cambridge; and his federal income tax returns are filed in Boston. These facts and the other circumstances do not support an intent to reside permanently or indefinitely in New Haven. They belie such an intention. Plaintiff is not a child whose belongings must be cared for by his family. He is twenty-nine years old, a graduate of Harvard University, apparently capable of conducting his own affairs, and, rather than conduct his affairs by remote control, he would want to do it from his permanent home.

It is true that plaintiff's name was dropped from the poll tax list of Brookline, but this might indicate a desire to be relieved from paying the Massachusetts state income tax rather than an intent to reside permanently in New Haven. This is a proper inference, I believe, since the plaintiff testified that the Massachusetts state income tax was a consideration in having his name dropped from the poll tax list. However, somewhat counteracting this inference is the fact that the plaintiff paid the old age pension tax which Connecticut assesses.

The plaintiff's frequent trips to Brookline where he stays in his old room do not

mean much standing alone. But when you tie the visits with the fact that almost all his financial assets are in or around his former home, they become more important and tend to weaken the assertion of domicile in Connecticut. Plaintiff operates his father's car when he is in Brookline and is a licensed driver in the State of Massachusetts; he testified he intends to renew the license. This indicates that the trips to Brookline will continue. In applying for the license in April, 1942, after he was "based" at New Haven, he gave his parents' home in Brookline as his home address. No one better than he should know where he lived and this circumstance is of considerable probative force in justifying a conclusion that his domicile was in Massachusetts at that time and at the commencement of this suit.

In the deposition, the plaintiff repeatedly refers to Brookline as his "home". The fact he calls it "home" does not mean it is his home or domicile, but it does indicate that he may not think of his New Haven abode as his permanent home or domicile.

Even though the plaintiff may intend to return to Brookline and remain there at some future period, such floating intention will not exclude New Haven as an instant domicile as long as all the requisites for establishing domicile are present. Gilbert v. David, supra; Baker v. Keck, D.C., 13 F.Supp. 486. But such a floating intention to return certainly does not help a person in proving domicile. If it in fact negatives a present intent to reside permanently or indefinitely, it tends to preclude a finding of acquired domicile.

Taking all the facts and circumstances into consideration, I find the plaintiff has not acquired a domicile in New Haven. The nature of his abode at New Haven; his replacement of a sick man and retention of same title; his frequent trips to Brookline; his money, stocks, and bonds remaining in Massachusetts; his references to Brookline as his home in the deposition and in applying for his driver's license; the filing of his federal income tax returns with the collector at Boston; all these facts tend to repudiate the plaintiff's claim of domicile in New Haven. Where a person lives is prima facie his domicile. Ennis et al. v. Smith et al., supra, 14 How. page 423, 14 L.Ed. 472; Collins v. City of Ashland, D.C., 112 F. 175, 178. But this can be rebutted and defendant has done so in this case.

Since plaintiff's domicile in Brookline has not been disturbed and he is still a citizen of Massachusetts, there is no diversity of citizenship and no jurisdiction in this court. This being so, there is no need to consider the second and third grounds of defendant's motion.

The motion to dismiss is granted without costs.