*Municipal Court of the City of Boston*

No. 485765

**EDGEWORTH CAB, INC.**

v.

**MYSTIC CONSTRUCTION CO.**

(March 18 — May 13, 1960)

*Present:* Adlow, C. J., Riley and Lewiton JJ.

Case tried to *Fox, J.*

*Adlow, C. J.* Action of tort to recover for damage resulting from a collision of automobiles.

On January 7, 1958 a taxicab owned by the plaintiff company was travelling in the direction of Boston on Rutherford Avenue, Charlestown. While passing the intersection of South Eden Street and Rutherford Avenue, it came in contact with a motorized snow plow belonging to the defendant. The snow plow had just moved from South Eden Street into Rutherford Avenue and was executing a right turn at the time of the collision.

There was a conflict in the testimony of the parties with respect to the manner in which the accident occurred. According to the plaintiff its taxicab was moving in a southerly direction on the right hand side of Rutherford Avenue when the defendant's snow plow turned into Rutherford Avenue

and while moving in a northerly direction struck the left side of the taxi cab with the blade of the snow plow. There was snow on the ground at the time. According to the defendant's version the operator of the snow plow was aware of the approach of the taxicab and had stopped the snow plow before completing the turn into Rutherford Avenue. It was further contended by the defense that the plaintiff's vehicle was on the left side of the road at the time of the contact.

The plaintiff asked the court to rule that "the operator of the plaintiff's car was in the exercise of due care in proceeding on the south-bound side of the mid-line of Rutherford Avenue in a single line of traffic ahead of him during a snow storm at a speed of 20 m.p.h." Being aggrieved by the court's refusal to so rule, the plaintiff brings this report.

We find no error in the court's action. There were conflicting versions with respect to the exact place in the highway where this collision occurred. There was also a dispute with respect to whether the defendant's snow plow was moving or standing still at the time of the accident. Just which version conformed to the truth was for the court as trier of the facts to determine. The court was under no legal compulsion to accept any version. Even if the plaintiff's version had been uncontradicted the court was not obliged to accept it. *McDonough v. Met. L. Ins. Co.,* 228 Mass. 450, 453. In denying the plaintiff's request for a ruling of law the court stated with

respect to the facts on which the plaintiff based its request, "I do not so find". It is urged by the plaintiff that the court has failed to specifically set forth those findings made by it on which it based its denial. In the situation under review this was unnecessary. The facts alleged by the plaintiff in its request for a ruling were only a fragment of the many factual elements involved in the determination of the issue of due care. No mention is made of the defendant's car, of its location at the time of the accident, and of the important question whether it was moving or standing still. Nor is mention made of the alleged statement of the plaintiff's driver that he did not see the snow plow before the accident. All of these facts were important elements in the determination of the question of the plaintiff's due care, and, having been omitted, precluded the plaintiff's right to have a ruling. *Coffin v. Grace,* 198 Mass. 104; *Hooper v. Cuneo,* 227 Mass. 37; *Cameron v. Buckley,* 299 Mass. 432, 434.

In view of the conflicting evidence disclosed by the report it would have been error for the court to have ruled as requested by the plaintiff regardless of which version of the evidence the court believes. *Hoffman v. Chelsea,* 315 Mass. 54.

*Report dismissed.*

Sullivan & Sullivan of Boston, for the Plaintiff.
James R. Brown of Boston, for the Defendant.