## CHARLES FEEHAN vs. TAX COMMISSIONER.

Essex. November 22, 1920. — January 5, 1921.

Present: RUGG, C. J., CROSBY, DE COURCY, CARROLL, & JENNEY, JJ.

*Domicil. Tax,* On income, Abatement.

At the hearing of a petition under St. 1916, c. 269, § 20, for the abatement of a tax assessed upon the petitioner's income for the year 1917, the following facts appeared: The petitioner was a travelling commercial agent, whose parents and a sister lived in Milford in the State of Connecticut in his father's house, where a bedroom and a living room were furnished with his furniture, which he occupied from Wednesday until Monday once in eight weeks. He paid taxes, voted and was registered for the military census in Milford. His wife in 1916 took charge of her father's shoe manufacturing business in Haverhill in this Commonwealth, at which time the petitioner and his wife transferred their furniture from the home of the wife's father to that of her aunt and took charge of the aunt's home, paying no rent, but paying all other bills and providing a home for the aunt. From that time, the petitioner's wife had been in Haverhill excepting for parts of two days and the petitioner had been in Haverhill more than in any other place. The petitioner and his wife "have a common pocketbook from which household expenses are defrayed." The petitioner stated with sincerity that he at no time intended to change his domicil from Milford in Connecticut to Haverhill in this Commonwealth. *Held,* that

(1) The mere declaration of the petitioner that he had no intention of changing his domicil from Milford to Haverhill was not conclusive;

(2) A finding was warranted that, previous to 1917, the petitioner had changed his domicil from Milford to Haverhill.

PETITION, filed in the Superior Court on November 20, 1919, under St. 1916, c. 269, § 20 (now G. L. c. 62, § 47), appealing from a refusal of the Tax Commissioner to abate an income tax assessed upon the business income for the year 1917 of the petitioner as a resident of Haverhill in this Commonwealth, the petitioner alleging that he was a resident of Milford in the State of Connecticut.

The petition was heard by *Lawton,* J., who found the facts described in the opinion, ordered that the petition be dismissed, and reported the case for determination by this court.

The case was submitted on briefs.

*J. J. Ryan & J. P. Cleary,* for the petitioner.

*J. W. Allen,* Attorney General, *& A. E. Seagrave,* Assistant Attorney General, for the respondent.

CARROLL, J.   The petitioner, representing that he was an inhabitant and resident of Milford in the State of Connecticut, brought this proceeding against the Tax Commissioner of the Commonwealth to abate the taxes on income assessed to him on September 1, 1918, as an inhabitant of this Commonwealth.   St. 1916, c. 269, § 5.   In the Superior Court it was found that the petitioner was born in Milford, Connecticut, and formerly had his domicil there, but that prior to the time in question he had changed his domicil from Milford to Haverhill in this Commonwealth; and it was ordered that the petition be dismissed.

The trial judge found that the petitioner is a travelling commercial agent; that his parents and his sister live in Milford; that in his father's house a bedroom and living room are furnished with the petitioner's furniture, and that once in eight weeks, from Wednesday till Monday, he occupies these rooms.   He has voted in Milford and nowhere else.   He pays taxes there and registered for the military census in Connecticut.   In 1916 Mrs. Feehan, the petitioner's wife, took charge of her father's shoe manufacturing business in Haverhill.   At this time the Feehans transferred their furniture from the home of Mrs. Feehan's father to the house of her aunt on Macon Avenue, Haverhill, and took charge of it, paying all the bills and providing a home for the aunt, who charged them no rent.   From that time Mrs. Feehan has been in Milford but parts of two days, and Feehan is in Haverhill seven days in eight weeks, and week ends, living with his wife on Macon Avenue.   During the summer months, he passes the week ends at his summer home in New Hampshire, except when at Milford as previously stated.   During the past few years he has spent about "twenty-two or twenty-three weeks in Massachusetts, six or seven in Connecticut, eleven in New Hampshire, eight to twelve in Rhode Island, and from one to three in New York in each year."   He is in Haverhill more than in any other place. "He and his wife have a common pocketbook from which household expenses are defrayed," and during the last four years Feehan has had no definite intention of making any change in his manner of living.   The judge also found that while no question is made of the petitioner's sincerity in stating that he at no time intended to change his domicil his intention was to be determined from all his acts.

The domicil of a person is mainly a question of fact. *Olivieri* v. *Atkinson,* 168 Mass. 28. *White* v. *Stowell,* 229 Mass. 594, 597. Every person must have a domicil somewhere and a man cannot elect to make his home in one place for the general purposes of life, and in another place for the purposes of taxation. *Abington* v. *North Bridgewater,* 23 Pick. 170, 177. *Pickering* v. *Cambridge,* 144 Mass. 244. The mere declaration of the petitioner that he had no intention of changing his domicil from Milford to Haverhill is not conclusive. His statement is to be taken in connection with all the other facts, in deciding where he was in fact domiciled. *Holmes* v. *Greene,* 7 Gray, 299.

His registration for the State military census in Connecticut, together with his voting and paying taxes in Milford are important as indicating his intention to remain an inhabitant of Milford. On the other hand, he was not separated and living apart from his wife. It could be found that from the year 1916 he resided in Haverhill, where he spent the most of his time, to which place he returned at the end of the week, where the household expenses were paid by him and his wife, where he lived with her and where they dwelt in the house of her aunt and occupied it as their home. The judge found that during the past four years, while the petitioner was living in Haverhill, he had no definite intention of changing his manner of living. From these facts it could be found that the domicil he acquired in Haverhill by making it his home, was not changed by his visits to Milford, and that during this time he was an inhabitant of this Commonwealth. *Thayer* v. *Boston,* 124 Mass. 132. *Dickinson* v. *Brookline,* 181 Mass. 195.

We find no error of law in the disposition of the case.

*Order dismissing the petition affirmed.*