HAGOP BOGIGIAN *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

HELEN J. C. BOGIGIAN *vs.* SAME.

Suffolk.   January 26, 27, 1926. — May 28, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Tax*, On income: abatement, action to compel repayment of tax paid under protest.

One who has paid an income tax under protest cannot maintain an action of contract against the commissioner of corporations and taxation for its repayment by alleging that at the time the tax was assessed he was a resident of another State and not subject to the tax and that its payment was forced from him by threats of arrest and imprisonment, the remedies provided by G. L. c. 62, §§ 43–48, as amended by St. 1921, c. 113, being exclusive.

TWO ACTIONS OF CONTRACT with declarations described in the opinion.   Writs dated August 2, 1924.

In the Superior Court, the defendant demurred.   The demurrers were heard by *Sisk*, J., who entered orders sustaining them and reported the actions to this court for determination under G. L. c. 214, § 30.

*W. B. Grant & H. E. Whittemore*, for the plaintiffs.

*M. F. Weston*, Assistant Attorney General, for the defendant.

PIERCE, J.   On January 10, 1923, the plaintiff, Hagop Bogigian, in a petition for the abatement of taxes assessed upon income received by him (the then petitioner) during the years 1919, 1920 and 1921, alleged that for many years prior to the year 1915 he was a resident of the town of Lancaster; that in the year 1914 he took up his residence in the State of California; that on or about August 3, 1922, the

commissioner of corporations and taxation notified him that he was taxable for the said years under the provisions of the Massachusetts income tax law, St. 1916, c. 269, (G. L. c. 62,) on account of income received by him during said years, as and while he was a legal resident of said Lancaster; that he had seasonably filed an application for an abatement of these taxes, and, after hearing, the said commissioner of corporations and taxation had declined to abate them in whole or in part; that being aggrieved thereby, he appealed "to the Honorable the Justices of the Superior Court for the county of Worcester." The now defendant (the then respondent) commissioner of corporations and taxation appeared and demurred to the petition of the now plaintiff (then petitioner), and assigned for cause that it was not alleged in the petition that the taxes complained of therein had ever been paid. The demurrer was sustained and the case was reported for consideration and determination to the Supreme Judicial Court. On or about April 15, 1924, the Supreme Judicial Court for the Commonwealth by rescript ordered the entry of a decree sustaining the said demurrer. *Bogigian* v. *Commissioner of Corporations & Taxation*, 248 Mass. 545.

Thereafter, the then said petitioner filed in the Superior Court his "Motion to amend petition" by inserting after paragraph 7, and before the prayer thereof, the following paragraph: "8. That your petitioner further states that on May 7, 1924, he paid under protest the tax assessed by the commissioner of corporations and taxation for the years 1920, 1921, and 1922, for the income as estimated by the commissioner as received by the petitioner during the years 1919, 1920, and 1921, as set forth in paragraph 2, thereof." This motion was allowed, and thereafter the then respondent commissioner of corporations and taxation filed his demurrer to the petition as amended and assigned as cause of demurrer that "the petition, as amended, shows that the taxes complained of were not paid when the original petition was filed or within thirty days after notice by the commissioner of his decision on the petitioner's application for an abatement of said taxes, or until the decision of the Supreme Judicial Court that the petitioner cannot recover in these proceedings

and order that a decree be entered sustaining the respondent's demurrer, and that the petitioner therefore has not complied with the terms of the statute under which remedy is sought." The demurrer was sustained on March 19, 1925, and the record does not disclose an appeal therefrom.

On August 2, 1924, the plaintiff began an action of contract against the said commissioner, in substance alleging, in two counts for the same cause of action, the identical facts set out in his petition dated January 10, 1923, above referred to, with the additional fact that he paid the commissioner on May 3, 1924, under written protest, the sums assessed for the years 1920, 1921, and 1922, with interest on these sums until May 3, 1924.   Without a recital of facts upon which the allegations are based, these counts of the declaration charge that the defendant, upon the refusal of the plaintiff to pay, under the authority of the said income tax law undertook to compel the plaintiff to pay the sums assessed and threatened to arrest and imprison the plaintiff unless he did pay the same; and further charge that the defendant unlawfully exacted and collected on May 3, 1924, the sums paid through duress, threats, and compulsion, and under the written protest of the plaintiff.

To each count the defendant demurred, and in each case assigned as reason for the demurrer: (1) "That the declaration states no legal cause of action against the defendant"; and (2) "That it appears upon the face of the declaration that this is an action for the recovery back of income taxes upon the plaintiff's income for the years 1919, 1920, and 1921, collected from the plaintiff by the defendant as commissioner of corporations and taxation of the Commonwealth of Massachusetts, and that for any alleged wrongful exaction by way of taxes upon income the plaintiff is given a remedy by abatement under the provisions of St. 1916, c. 269, §§ 19 and 20 (now G. L. c. 62, §§ 43–47), and acts in amendment thereof, which said remedy by a provision of St. 1916, c. 269, § 20 (now G. L. c. 62, § 48), as amended by St. 1921, c. 113, § 2, is made exclusive whether or not the tax is wholly illegal so far as concerns any process within the courts of the Commonwealth."   These demurrers were sustained and the case

reported for the consideration and determination of the Supreme Judicial Court.

The report states that the "papers in the case of Helen J. C. Bogigian are identical with those in the case of Hagop Bogigian, except for differences in names, dates and amounts which are immaterial for the purposes of this report." That case without reference to its title will be considered with the principal case.

In reply to the demurrer to the declaration in the present action in contract, the plaintiff contends that under St. 1921, c. 113, in amendment of G. L. c. 62, §§ 47, 48, two remedies are given a person, like the plaintiff, who claims a domicil without the Commonwealth and who is aggrieved by the refusal of the commissioner to abate in whole or in part under G. L. c. 62, § 43, a tax assessed under G. L. c. 62, §§ 43–48. The first remedy claimed is under G. L. c. 62, §§ 47 and 48, which, as amended by St. 1921, c. 113, read: (§ 47) "Any person aggrieved by the refusal of the commissioner to abate in whole or in part under section forty-three a tax assessed under this chapter, and who has paid his tax, may, instead of pursuing the remedy provided in section forty-five, appeal from such refusal by filing a complaint against the commissioner in the Superior Court for the county where such person resides or has his principal place of business, or, if such person claims a domicile without the Commonwealth, by filing a complaint against the commissioner in the Superior Court for any county within thirty days after the notice by the commissioner of his decision in accordance with section forty-three. An order of notice shall be issued by said court and served on the commissioner within such time as the court directs, and subsequent proceedings shall be conducted in accordance with sections sixty-five to sixty-eight, inclusive, of chapter fifty-nine. If an abatement is granted, the amount thereof shall be repaid to the complainant by the State treasurer, with interest at the rate of six per cent per annum from the time when the tax was paid, and costs." (§ 48) "The remedies provided by sections forty-three to forty-seven, inclusive, shall be exclusive, whether or not the tax is wholly illegal." The other remedy is under G. L. c. 60,

§ 98, which reads: "No action to recover back a tax shall be maintained . . . unless commenced within three months after payment of the tax nor unless such tax is paid either after an arrest of the person paying it, a levy on his goods, a notice of a sale of his land, a written protest signed by him . . . . In an action founded on an error or irregularity in the assessment or apportionment of a tax, only the amount in excess of the tax for which the plaintiff was liable shall be recoverable; and no sale, contract or levy shall be avoided solely by reason of such error or irregularity."

In support of the present action under G. L. c. 60, § 98, the plaintiff relies upon the amendment to G. L. c. 62, § 48, which reads, "But the word 'exclusive' in this section shall not be construed to deprive any person of a right of action at law in any Federal court"; and argues therefrom that any person assessed for an income tax whose domicil was away from the Commonwealth, or where there was involved any question of which any of the Federal courts would have jurisdiction, the remedy provided in § 47 need not apply, but the person taxed could bring an action at law in which such Federal question could be raised. That the Federal courts had jurisdiction to determine the question whether the plaintiff was domiciled in Massachusetts or California at a time when the income taxes were assessed upon him in 1920, 1921, and 1922, and to issue decrees as the fact of domicil might be determined in the absence of a plain and adequate remedy at law in the courts of Massachusetts is settled in *Dunn* v. *Trefry*, 260 Fed. Rep. 147, *Agassiz* v. *Trefry*, 266 Fed. Rep. 8, and *Long* v. *Norman*, 289 Fed. Rep. 5.

G. L. c. 60, § 98, however, is not a remedy which is given directly or by implication to persons assessed for income taxes under G. L. c. 62, and amendments thereof. The remedy afforded by § 98 relates to the collection of local taxes by a collector of taxes under a warrant from the assessors of a city or town. St. 1859, c. 118, § 3. G. L. c. 60. A payment under protest to a collector of taxes in the mode provided by statute, by one not bound to pay the tax by reason of nonresidence, is recoverable in an action against the city

or town, but there is nothing in G. L. c. 60, or in G. L. c. 62, which gives countenance to the argument that an action under G.L. c. 60, § 98, may be maintained against the Commonwealth or against the commissioner of corporations and taxation. *McGee* v. *Salem,* 149 Mass. 238. *Wheatland* v. *Boston,* 202 Mass. 258. Independent of statute, no recovery against city, town or collector can be had for money paid under protest, in the absence of actual duress of person or goods. *Preston* v. *Boston,* 12 Pick. 7. *Boston & Sandwich Glass Co.* v. *Boston,* 4 Met. 181. *Forbes* v. *Appleton,* 5 Cush. 115. *Barrett* v. *Cambridge,* 10 Allen, 48.

We are of opinion that the plaintiff's sole remedy on the facts reported was under G.L. c. 62, §§ 43–48, as amended by St. 1921, c. 113, and that the demurrer should be sustained.

*So ordered.*