COMMONWEALTH *vs.* HAGOP BOGIGIAN.

Suffolk.     November 13, 1928. — January 4, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Domicil. Evidence,* Presumptions and burden of proof.

Every one must have a domicil and can have only one domicil.

A domicil once having been acquired by a person in a certain place, it is presumed to continue in that place until the person acquires a new domicil by an actual change of residence to another place with a *bona fide* intent to make that new place his permanent home.

At the hearing of an action by a judge without a jury, an issue was, whether the defendant's domicil was in a certain town in this Commonwealth during the years 1921, 1922, and 1923, or in California. There was evidence that he owned a ranch in California from 1903 or 1904 until 1920; that he divided his time during that period between the ranch and a large farm in the town which he bought in 1905 or 1906 and still owned at the time of the hearing; that his domicil was in the town up to 1915, when he gave notice to the selectmen of his intention to make the ranch his legal residence, and his name was, at his request, struck from the list of voters of the town; that he voted and paid taxes in California in 1915 and thereafter rendered tax returns from California; that, subsequent to 1920, he had no place of abode in California, but spent much of his time travelling and in Washington, where he was interested in sundry governmental matters, and spent the remainder of his time on the farm in the town, whence he commuted almost daily to an office which he maintained in a neighboring city until 1924; and that his wife and servants resided on the farm continuously subsequent to 1918. The trial judge found that the defendant's domicil in 1921, 1922, and 1923 was in the town. *Held,* that

(1) Testimony by the defendant that it was his intention to change his domicil to California, and his notice to the selectmen, were not conclusive;

(2) The defendant's domicil once having been fixed in the town, the burden of proof was on him to show that he had changed it;

(3) The judge's finding was warranted;

(4) Although the defendant's motive in effecting a lawful change of domicil was immaterial, a request by the plaintiff for a ruling, that, if the defendant's change of residence was "but an ostensible change to escape from the taxing jurisdiction of . . . [this Commonwealth], the change of domicil . . . did not in law occur," properly was granted;

(5) Requests by the defendant for rulings that, as a matter of law, he ceased to be domiciled in this Commonwealth in 1915, and thereafter became domiciled in California, properly were refused.

CONTRACT under G. L. c. 62, § 41, as amended by St. 1925, c. 186, to recover taxes upon income received by the defendant in 1921, 1922, and 1923. Writ dated December 18, 1925.

In the Superior Court, the action was heard by *Bishop*, J., without a jury. Material evidence is stated in the opinion. The judge granted the following requests by the plaintiff for rulings:

"1. To acquire a domicil in California the defendant must have at some time been in that State with a then existing *bona fide* intent to make the same or some part thereof, then and there, his home.

"2. Although a change of domicil, where physical presence and the requisite *bona fide* intention to make the new place of abode a person's home concur, is not defeated by the circumstance that the making of the change was motivated by a desire to avoid taxation, nevertheless a change of domicil will not be accomplished where there is no such *bona fide* intention to make a home, but is only an intention to change a domicil for tax purposes.

"2a. The person's statements as to his intention to make a home in a new place, whether made in testimony at the trial or made outside the court room, are only evidence of his intent and are not conclusive, and may be overcome by other evidence including evidence of such person's actual mode of life.

"3. The fact that a person has determined to regard a place as his home will not accomplish a change in domicil, even assuming physical presence there, when he does not intend to make it his home in fact in the real and fair meaning of the word in ordinary life.

"4. 'It is evident that the choice of the taxpayer, as

between two places of residence, is an element to be considered in determining which is the real domicil; but a choice in favor of one place will not be permitted to control a preponderance of evidence in favor of another. The place of domicil, upon which so many important municipal obligations and privileges depend, is not left by the law to the choice of the citizen, except only as such choice may give character to existing relations and accompanying acts of residence which are not in conflict with it. As between different places, it may depend on a mass of evidence, which will generally include as one of its items the declared intention and choice of the party himself. The weight to be given to that intention, however honest, will depend largely upon the condition of all the evidence. If the evidence be equivocal and uncertain, then the choice may be sufficient to turn the scale; if the weight of it be one way, then an opposite intention or wish will be of little or no avail.' *Thayer* v. *Boston,* 124 Mass. 132, 146.

"5. The more fixed and deep rooted the ties of a person in a given place are, with respect to abode, family, business, activities, associations and the like, the less easily and readily will a change of domicil to another place be inferred."

"7. A man cannot elect to make his home in one place for the purposes of life, and in another place for the purpose of taxation.

"8. If the purported change of the defendant's home from Massachusetts to California was but an ostensible change to escape from the taxing jurisdiction of Massachusetts, the change of domicil claimed by the defendant did not in law occur.

"9. A change of domicil is a legal consequence predicated upon the conjunction of act and intent, and an intent or desire to obtain the legal consequence is of no avail if the intent to accomplish the facts necessary to constitute a change of domicil does not exist."

The following requests by the defendant were denied:

"1. That upon all the evidence as a matter of law, judgment herein should be rendered for the defendant upon all counts.

"2. That upon all the evidence, as a matter of law, the defendant ceased to have his domicil at Lancaster, Massachusetts, in the early part of 1915 and thereupon became a nonresident of said town and of the Commonwealth of Massachusetts.

"3. That upon all the evidence as matter of law, ·the defendant in the early part of 1915 became domiciled in Fresno County, California, and was a citizen and inhabitant thereof, and had his legal residence there thereafter.

"4. That the defendant has not at any time, since the early part of 1915, had his legal domicil in the Commonwealth of Massachusetts and has not been subject since that date to income tax by the authorities of the Commonwealth since the income tax law came into effect.

"5. That as a matter of law the fact that the defendant has not disposed of his small tract of land and small farmer's house thereon in Lancaster, Massachusetts, added to the fact that his wife, Helen J. C. Bogigian, has not disposed of her large farm and residence thereon in said Lancaster to which the defendant made occasional visits of short ·duration, and with the further fact that Helen J. C. Bogigian has resided in her said house for the last several years because of illness of herself and continued illness of her paralyzed sister, are not facts which would justify a finding that the defendant has reacquired his domicil in Lancaster, Massachusetts."

"8. That on all the evidence as a matter of law, the defendant has not acquired *facto et animo* a domicil at Lancaster, Massachusetts, since he changed his domicil in 1915."

The judge found for the plaintiff in the sum of $2,370.13, and the defendant alleged exceptions.

*W. B. Grant,* (*H. E. Whittemore* with him,) for the defendant.

*R. A. Cutter,* Assistant Attorney General, for the plaintiff.

CROSBY, J. This is an action of contract brought under G. L. c. 62, § 41, as amended by St. 1925, c. 186, to recover taxes assessed by the commissioner of corporations and taxa-

tion upon income received by the defendant during the calendar years 1921, 1922 and 1923.

It is alleged in the plaintiff's declaration that the defendant was on the first day of January in each of these calendar years a resident of Lancaster, in the county of Worcester in this Commonwealth, and that he received income upon which the commissioner of corporations, acting under G. L. c. 62, had assessed taxes in the sum set forth in the declaration. The defendant in his answer alleged that he was not on the first day of January, 1921, nor at any time since that date, a resident of Massachusetts, but was on that date and for many years previous thereto a resident of Fresno, California; and that the assessments during the years in question were in violation of his rights under the Constitution of the United States. The case was tried before a judge of the Superior Court, sitting without a jury. At the close of the evidence each party presented requests for rulings. The defendant excepted to certain rulings allowed at the request of the plaintiff, and to the refusal to allow other rulings requested by him. The judge found for the plaintiff, and the case is before us on exceptions to the rulings so given and refused.

The principal contention of the defendant is that upon the entire evidence as matter of law he ceased to have his domicil at Lancaster in this Commonwealth in 1915, and that the judge should have found in his favor on all the counts of the declaration.

It appears from the evidence that in 1905 or 1906 the defendant bought a farm, in Lancaster, upon which he made extensive improvements at an expense of at least $20,000; and that he and his wife lived there. He does not contend that his domicil was elsewhere before 1915. It further appears that on February 27, 1915, he wrote to the chairman of the board of selectmen of Lancaster that he had decided to make his legal residence in Fresno, California, and requested the removal of his name from the voting list. This letter was written after he had received a bill from the town for an additional tax, which he paid under protest. In 1915 his name was struck from the list of voters by the board of

registrars, and no poll tax was assessed to him during the years 1915 to 1923 inclusive. The assessors made no investigation of the facts respecting his residence. He testified that in 1903 or 1904 he bought a ranch of one hundred sixty acres in Fresno County; that between 1908 and 1910 he sold twenty acres, and the remaining land was rented by him for farming purposes until 1911, when he decided to develop it and proceeded to do so; that in 1916 he began raising upon the land grapes and other crops; that he did not go to California from 1904 to 1907; that he and his wife went there in the fall of 1907, remaining about two and one half months, after which they came east and went to Europe for six months and, on returning, went to Lancaster, that being their home at that time. In November or December, 1908, he went to California alone, spending five or six months there at a hotel in Fresno. Early in the summer of 1909 he returned to Lancaster where he stayed for a time and then with his wife went to various watering places. In the winter of 1909–1910 they spent two or three months at Riverside, California; when his wife returned east he went north for two or three months to Fresno County and then returned to Lancaster. During the spring and fall months of the years 1910 to 1914 he was in California, and during the winter months, and in the summer and early fall he was in the east, where he maintained headquarters at his home in Lancaster. From 1914 to 1920, inclusive, he was in California most of the time supervising the development of his ranch and the raising of fruit. From 1914 to 1918 his wife was with him every winter, but she has not been in California since the winter of 1917–1918, and it appeared that she has not been in good health for some years. He has had no room in a hotel or place of abode in California since 1920. His place in Lancaster consists of eighty-three acres upon which are several buildings, the main dwelling house containing fifteen rooms. His wife has lived at the house regularly since 1918, and several servants are employed. He lived there except when he was travelling, and away in Washington and other places. While living in Lancaster he went to Boston almost daily by train and had an office there from October 1, 1911,

until July, 1924. In 1920 he sold the ranch in California at a large profit and now owns no property in California.

The defendant testified, subject to the plaintiff's exception, that his domicil during the years 1921, 1922 and 1923 was in California. He also testified that he has rendered Federal tax returns from California since 1915; that he voted in Fresno County in the spring of 1915, and paid his taxes in the city of Fresno, which was the county seat. There was evidence that during many years he had been an extensive traveller and had spent much time in Washington where he was interested in many matters in connection with the Federal government, and pending before both houses of Congress, and the various State departments. He testified that since 1914 he had attempted at different times to sell his place in Lancaster, and had offered it to various charitable organizations, but had been unable to dispose of it.

As to some of the taxes involved in this case questions of procedure have heretofore been raised and passed upon by this court. *Bogigian* v. *Commissioner of Corporations & Taxation*, 248 Mass. 545. *Bogigian* v. *Commissioner of Corporations & Taxation*, 256 Mass. 142. The decisions in those cases, however, have no bearing upon the issues of law raised in the case at bar. The sole question for our determination is whether the trial judge upon the entire evidence should have ruled that the defendant's domicil was not in Lancaster during the years in which the taxes were assessed.

Domicil is mainly a question of fact. Although a person might have more than one home, he can have only one domicil. It is not disputed that the defendant's domicil was in Lancaster for several years before 1915, and it must be held to have continued to be there unless he acquired a new one in California. Every person must have a domicil somewhere. It was said in *Tax Collector of Lowell* v. *Hanchett*, 240 Mass. 557, at page 561: "The weight to be given to the declarations of the defendant, his acts and general conduct, as bearing upon, and tending to show an intention to abandon Lowell, and to make Dunstable his permanent residence were for the judge. 'No exact definition can be given of domicil; it depends upon no one fact or combination

of circumstances, but from the whole taken together it must be determined in each particular case . . . . It depends upon the preponderance of the evidence in favor of two or more places; and it may often occur, that the evidence of facts tending to establish the domicil in one place, would be entirely conclusive, were it not for the existence of facts and circumstances of a still more conclusive and decisive character, which fix it, beyond question, in another.'" *Thorndike* v. *Boston,* 1 Met. 242, 245, 246.

The testimony of the defendant that it was his intention to change his domicil from Lancaster to Fresno, California, is not conclusive, but is to be considered in connection with all the other evidence and the reasonable inferences to be drawn therefrom. *Holmes* v. *Greene,* 7 Gray, 299. *Feehan* v. *Tax Commissioner,* 237 Mass. 169. *Hutchins* v. *Browne,* 253 Mass. 55, 57. "A domicil once acquired is presumed to continue until a new one is acquired by actual change of residence with the intention of remaining permanently at the place of removal." *Sullivan* v. *Ashfield,* 227 Mass. 24, 26. *Whately* v. *Hatfield,* 196 Mass. 393.

A person does not lose his domicil until he has gone to a new one, with a fixed purpose to remain there and not to return to his former residence. *Worcester* v. *Wilbraham,* 13 Gray, 586, 590. *White* v. *Stowell,* 229 Mass. 594, 597. *Field* v. *Field,* 236 Mass. 256, 257, 258. It being undisputed that the defendant was domiciled in Lancaster up to the year 1915, that domicil is presumed to have continued until it was changed. As the defendant contended that he had made such change, the burden of proof was on him to establish that fact. *Kilburn* v. *Bennett,* 3 Met. 199, 201.

The evidence before the trial judge was voluminous; not all of it has been herein referred to; some of it was favorable to the plaintiff while other parts tended to support the contention of the defendant. It need not be recited in greater detail. After careful examination of the entire record, it is plain that the finding of the court that the defendant's domicil remained in Lancaster during the years in question cannot be held to be unwarranted. The notice to the selectmen was evidence of an intention of the defendant to

change his domicil, but was not conclusive; it was to be considered in connection with all the other evidence.

The plaintiff's eighth request, which was granted, was as follows: "If the purported change of the defendant's home from Massachusetts to California was but an ostensible change to escape from the taxing jurisdiction of Massachusetts, the change of domicil claimed by the defendant did not in law occur." In the second request of the plaintiff, which was granted, it was ruled in substance that where the necessary proof of a change of domicil had been presented it "is not defeated by the circumstance that the making of the change was motivated by a desire to avoid taxation. . . ." The eighth request was undoubtedly predicated upon the opinion in *Tax Collector of Lowell* v. *Hanchett, supra,* where it was said, at page 561, that "The judge was to determine whether the elaborate arrangements which have been described manifested an intention to establish a domicil other than in Lowell and if such purpose sufficiently appeared, whether there was an actual change of residence, or an ostensible change to escape from what he considered excessive taxation." There is no doubt that a change of domicil may lawfully be made for the purpose of avoiding or lessening taxes. If a person actually changes his residence, the motive actuating him is of no consequence. See *Thayer* v. *Boston,* 124 Mass. 132, 144. The allowance of the eighth request was not erroneous.

We have examined all the requests. Those presented by the plaintiff were correct in law and pertinent to the questions in issue. The judge could not properly have ruled as matter of law that upon the evidence the defendant ceased to have a domicil in Lancaster after the year 1915. None of the requests made by the defendant, and refused subject to his exception, rightly could have been allowed.

It results that the exceptions must be overruled, and judgment entered for the plaintiff on the finding.

<em>So ordered.</em>