THOMAS W. NESS *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.   December 12, 1931. — May 25, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Domicil.   Tax*, On income.   *Words*, "Inhabitant."

One who, being domiciled in this Commonwealth, purchased a home in a city in Florida in 1928 and, on December 28 in that year, left the Commonwealth with the specific intent of going directly to the city in Florida and of establishing his domicil there, with no intent to return here as a place of domicil, but who did not arrive in Florida until early on January 1, 1929, and did not arrive in the city in Florida until January 2, 1929, did not acquire his new domicil in Florida nor cease to be domiciled in this Commonwealth until after the year 1929 had begun.

To be an "inhabitant" of the Commonwealth within the meaning of the income tax statute, G. L. c. 62, as amended, is equivalent to being domiciled in the Commonwealth.

The person above mentioned was, under G. L. c. 62, as amended, subject to a tax on income received by him in the year 1928.

COMPLAINT, filed in the Superior Court on April 23, 1930, for the abatement of a tax on income.

The complaint was heard upon a case stated by *Whiting*, J., who, without decision, reported it for determination by this court under G. L. c. 231, § 111. Material facts appear in the opinion.

The case was submitted on briefs.

*L. M. Lombard & C. J. Winkler, Jr.*, for the complainant.

*J. E. Warner*, Attorney General, *& C. F. Lovejoy*, Assistant Attorney General, for the respondent.

FIELD, J. By this complaint, filed in the Superior Court on April 23, 1930, under G. L. c. 62, § 47, as finally amended by St. 1926, c. 287, § 3, (see St. 1930, c. 416, §§ 2, 33,) abatement is sought of an income tax paid by the complainant upon his income for the year 1928. The case came before the judge as a case stated and was reported without decision by him for our determination. G. L. c. 231, § 111.

The only question argued is whether the complainant was liable to taxation upon his income for the year 1928. (No question is raised as to procedure, or as to the taxable nature of the income or the amount of the tax thereon if the complainant was a taxable person.) The complainant contends (a) that he was not liable for a tax on his income for the year 1928 unless he continued to be an "inhabitant" of the Commonwealth, within the meaning of the taxing statute, for some part of the year 1929, and (b) that he did not continue to be such an "inhabitant" for any part of that year. The first contention need not be discussed for we are of opinion that on the case stated the complainant continued to be an "inhabitant" of the Commonwealth for a part of the year 1929.

Taxes upon income are imposed by G. L. c. 62, as amended. Section 1 provides that income of certain classes "received by any inhabitant of the Commonwealth during the preceding calendar year" shall be taxed at a given rate. Section 5 provides for the taxation of other classes of income "received by any inhabitant of the Commonwealth during the preceding calendar year" at other and different rates. See also § 19. Section 22 provides that every "individual inhabitant of the Commonwealth . . . whose annual income from all sources exceeds two thousand dollars shall annually make a return of his entire income," with certain exceptions, and that every "other individual inhabitant" who received taxable income shall make an annual return of such income. Section 25, prior to its amendment by St. 1929, c. 361, § 2, provided that every "individual who is an inhabitant of the Commonwealth at any time between January first and June thirtieth, both inclusive, in any year," and certain other persons, "shall be subject to the taxes imposed by this chapter," and "shall file a return under section twenty-two or twenty-three if he has in the preceding year received income taxable under this chapter."

The material facts in regard to the complainant's inhabitancy as agreed upon by the parties are in substance as follows: The complainant was an inhabitant of Newton

during the year 1927 and the year 1928, "at least through December 27." In April, 1928, he purchased a dwelling house at 217 First Street, Fort Myers, Florida, with the intention of making it his home at some future time. On November 21, he paid Florida State, county and city taxes on this dwelling house. On December 5, he notified the board of assessors of Newton that he had purchased this dwelling house and was leaving for Fort Myers with the intention of becoming a permanent inhabitant of that city. He also asked the board of assessors to make a notation to cancel any further assessments of poll taxes and to notify the board of registrars to remove his name from the list of voters, and stated that his future address would be 217 First Street, Fort Myers, Florida. On December 28, 1928, the complainant left Newton with the intention of going directly to Fort Myers and of making his home there in the house he had purchased and had no intention of returning to this Commonwealth "as a State of domicil." The following day he took a steamship from New York City to Jacksonville, Florida. He arrived in Florida waters about 3 A.M., January 1, 1929, and in Jacksonville, Florida, at 7 A.M., January 1, 1929, and on the next day reached Fort Myers.

1. If being an "inhabitant" of the Commonwealth within the meaning of the taxing statute is equivalent to having a domicil therein, the complainant was an inhabitant of the Commonwealth until sometime in January, 1929. The complainant has not sustained the burden of proving a change of his domicil before January 1, 1929. See *Commonwealth* v. *Bogigian*, 265 Mass. 531, 538.

The rules governing domicil are well settled. Every person must have a domicil somewhere. *Feehan* v. *Tax Commissioner*, 237 Mass. 169, 171. "Domicil of origin or domicil acquired remains until a new one is acquired." *Hallet* v. *Bassett*, 100 Mass. 167, 170. (Even if it is true, as stated in that case, that "Native domicil is not so easily changed as acquired domicil, and more easily reverts," compare *Otis* v. *Boston*, 12 Cush. 44, 50, the principle does not help the complainant for it does not appear that his domicil in

Massachusetts was acquired or that his domicil of origin was in Florida.) "To establish a change of domicil, fact and intent must concur." *Babcock* v. *Slater*, 212 Mass. 434, 436. See also *Whately* v. *Hatfield*, 196 Mass. 393, 394; *Tax Collector of Lowell* v. *Hanchett*, 240 Mass. 557, 558–560; *Commonwealth* v. *Bogigian*, 265 Mass. 531, 538. A "domicil once existing cannot be lost by mere abandonment even when coupled with the intent to acquire a new one, but continues until a new one is in fact gained." *Shaw* v. *Shaw*, 98 Mass. 158, 160. See also *Borland* v. *Boston*, 132 Mass. 89.

The facts in this case show that before the end of the year 1928 the complainant had formed an intention to acquire a domicil in Florida and, specifically, at Fort Myers. He did not, however, reach any part of Florida until some time in January, 1929. That, before the year 1928 closed, he had abandoned his old home and was beyond the borders of Massachusetts on his way to his new home with no intention of returning to this Commonwealth "as a State of domicil" was not sufficient to effect a change of domicil. So far as this case turns on the rules governing domicil, it is not distinguishable from *Shaw* v. *Shaw*, 98 Mass. 158, and cannot be decided for the complainant without departing from the principle that a person must have a domicil somewhere. The complainant did not acquire a domicil in Florida until some time in 1929.

Even in *Briggs* v. *Rochester*, 16 Gray, 337, 340, relied on by the complainant, it was recognized that in circumstances closely similar to those of this case no change of domicil in its technical sense was effected, but this decision went on the ground that being an "inhabitant" of a place within the meaning of the taxing statute was not equivalent to being domiciled therein. *Colton* v. *Longmeadow*, 12 Allen, 598, also relied upon by the complainant, was decided upon a similar state of facts. In the opinion it was stated that the "precise point was adjudged in *Briggs* v. *Rochester*, 16 Gray, 337, and this case must be governed by that decision," though there was also language to the effect that a person who had gone beyond the limits of the State with

the intention of taking up his residence in another State "had abandoned his domicil in this State." Page 599. The decision was explained on the latter ground in *Borland* v. *Boston*, 132 Mass. 89, 95. See, for another explanation, *Shaw* v. *Shaw*, 98 Mass. 158, 160. But we think that *Colton* v. *Longmeadow* must stand or fall with *Briggs* v. *Rochester*, and cannot be regarded as an independent authority, opposed to the otherwise unbroken current of our decisions, for the proposition that an existing domicil may be lost without another being gained.

2. To be an "inhabitant" of the Commonwealth within the meaning of the income tax statute, is equivalent to being domiciled therein. This interpretation of the statute was assumed without discussion in *Feehan* v. *Tax Commissioner*, 237 Mass. 169, and in *Commonwealth* v. *Bogigian*, 265 Mass. 531. The tax upon income is in large part a substitute for the tax upon intangible personal property previously imposed upon owners thereof in the cities and towns of which they were inhabitants. See R. L. c. 12, § 23. No reason appears for a more restricted meaning of the word "inhabitant" in the income tax statute than in the personal property tax statute.

In *Tax Collector of Lowell* v. *Hanchett*, 240 Mass. 557, a case arising under the personal property tax statute, it was assumed, without discussion, though citing, at pages 558 and 559, *Borland* v. *Boston*, 132 Mass. 89, that to be an "inhabitant" of a city was equivalent to being domiciled therein; and in *Boston Investment Co.* v. *Boston*, 158 Mass. 461, 462, it was said, also citing *Borland* v. *Boston*, that the "word 'inhabitant' in this statute means one whose domicil is in the place referred to." See Pub. Sts. c. 11, § 20. See also *Collector of Taxes of Boston* v. *Mount Auburn Cemetery*, 217 Mass. 286. In *Greenfield* v. *Buckland*, 159 Mass. 491, 492, a case involving a pauper's settlement dependent upon residence and payment of taxes (Pub. Sts. c. 83, § 1, Fifth), the court said, citing *Borland* v. *Boston*, "It now is settled that domicil is residence for the purposes of taxation." See also *Stoughton* v. *Cambridge*, 165 Mass. 251, 252–253. In *Borland* v. *Boston*, 132 Mass. 89, the court, in consider-

ing the meaning of the word "inhabitant" in the personal property tax statute, made the following statements: "We cannot construe the statute to mean anything else than 'being domiciled in.'" Page 95. "We think, however, that the sounder and wiser rule is to make taxation dependent upon domicil." Page 96. "Upon the whole, therefore, we can have no doubt that the word 'inhabitant' as used in our statutes when referring to liability to taxation, by an overwhelming preponderance of authority, means 'one domiciled.'" Page 99.

The conclusion thus emphatically stated in *Borland* v. *Boston* was supported by compelling reasons, and it was demonstrated by a thorough examination of the earlier cases that there were no conflicting precedents in our decisions apart from *Briggs* v. *Rochester*, 16 Gray, 337, and *Colton* v. *Longmeadow*, 12 Allen, 598. As to these cases the court said, at page 94, "The only case adjudged within this Commonwealth, in which the word of the statute, 'inhabitant,' is construed to mean something else than 'being domiciled in,' is *Briggs* v. *Rochester*, 16 Gray, 337, although that decision is subsequently recognized in *Colton* v. *Longmeadow*, 12 Allen, 598." The reasoning of *Briggs* v. *Rochester* was criticized and the ground upon which it was decided repudiated. The court, however, did not in terms overrule these earlier cases. With great caution it pointed out that in each of them, unlike the case then before the court, an intention was shown, formed before removal from the Commonwealth, fixing a place certain for the future home, and that it was not necessary to decide whether they should be followed in a case presenting precisely similar circumstances. Pages 99–100. But it was not suggested that this difference in facts furnished any basis in principle for distinguishing the cases, and the clear implications of the opinion are that it does not. See page 96.

The case expressly left undecided in *Borland* v. *Boston* has now arisen. We find, however, no sound ground for taking it out of the application of the general principle stated, and made the ground of decision in that case, and

expressly or by implication accepted as law in the later cases, that under the taxing statutes inhabitancy and domicil are equivalent.   We think therefore, that *Briggs* v. *Rochester* and *Colton* v. *Longmeadow* should not be followed, but must be regarded as having been in effect overruled.

Of course we are considering the meaning of "inhabitant" only as used in the governing statute.   It may have a different meaning in statutes dealing with other subjects. As is true of the words "citizen" and "resident," its meaning depends upon the connection in which it is used.   See *Harvard College* v. *Gore*, 5 Pick. 370, 373; *Lyman* v. *Fiske*, 17 Pick. 231, 234; *Borland* v. *Boston*, 132 Mass. 89, 93; *Stoughton* v. *Cambridge*, 165 Mass. 251; *Martin* v. *Gardner*, 240 Mass. 350, 353–354; *Opinion of the Justices*, 240 Mass. 601, 608; *Dillaway* v. *Burton*, 256 Mass. 568, 577; *Marlborough* v. *Lynn*, 275 Mass. 394, 396–397.

It follows that the complainant is not entitled to an abatement.

*Complaint dismissed with costs.*