NEIL T. MULRAIN *vs.* BOARD OF SELECTMEN OF LEICESTER. July 3, 1985. *Municipal Corporations*, Police. *Police*, Residency requirement. *Words*, "Resident."

Mulrain was dismissed from the Leicester police force in October, 1980, because he had moved from Leicester to North Brookfield, thereby violating c. 2, § 8, of the by-laws of Leicester, which required certain municipal employees to reside in the town. After an unsuccessful challenge of the validity of the by-law, see *Mulrain* v. *Selectmen of Leicester*, 13 Mass. App. Ct. 48 (1982), Mulrain obtained a decision from the Civil Service Commission ordering the town to reinstate him if he complied with the residency requirement before January 1, 1983.

In attempting to comply, Mulrain listed as his residence a house which his brother owned in Leicester. Mulrain voted in Leicester and ran unsuccessfully for selectman of that town. He conceded, however, that he spent most of his nonworking time in North Brookfield, where his wife and children continued to live, where he owned a house, and where his children went to school. A judge of the Superior Court concluded that Mulrain had failed to establish that he was a resident of Leicester and affirmed his discharge by the selectmen. Judgment entered accordingly and Mulrain appealed. We affirm.

1. *Definition of "resident" and "reside."* The by-law provides that certain town employees "shall be residents of the Town and shall so reside." Like most other words, "reside" and "resident" are susceptible of varying meanings depending upon the context in and the purpose for which they are used. *Marlborough* v. *Lynn*, 275 Mass. 394, 396-397 (1931). *Shepard* v. *Finance Associates of Auburn,* 366 Mass. 182, 190 (1974). As used in Massachusetts statutes, residence has sometimes been construed as "the practical equivalent of domicil, implying physical presence coupled with an intention to remain." *Ibid.* and cases cited. See *Commonwealth* v. *Bogigian*, 265 Mass. 531, 537-538 (1929); *Dane* v. *Registrars of Voters of Concord*, 374 Mass. 152, 161 (1978). In other cases, particularly where the statute being construed has used the expression "actual residence" or has distinguished residence from the legal concept of "inhabitant," residency emerges as essentially a matter of "personal presence," with or without any implication of civic privileges or duties. See *Martin* v. *Gardner*, 240 Mass. 350, 353-354 (1922); *Marlborough* v. *Lynn*, 275 Mass. at 396-397. The State statute which corresponds most closely to the by-law before us

is G. L. c. 41, § 99A, a provision which establishes residency requirements for municipal police officers and fire fighters. Section 99A, by its terms, is superseded by the Leicester by-law with respect to its application to Mulrain. St. 1978, c. 373, §§ 1-2. See *Mulrain* v. *Selectmen of Leicester*, 13 Mass. App. Ct. at 49-50. It is relevant, though not controlling, that "reside" as used in § 99A has been held to designate "the physical location of the employee's house or other dwelling place," for purposes of identifying the location where a police officer is most likely to be found when the town needs to mobilize its safety forces quickly. See *Doris* v. *Police Commr. of Boston*, 374 Mass. 443, 444, 448 (1978).

The Leicester by-law provides that employees must "be residents" of the town and must "so reside." To avoid rendering either usage superfluous, see *Commonwealth* v. *Gove*, 366 Mass. 351, 354 (1974); *Devaney* v. *Watertown*, 13 Mass. App. Ct. 927, 928 (1982), we construe the by-law to require both the legal accoutrements of domicil and the maintenance of a genuine — as opposed to nominal or constructive — personal presence in the community. See *Marlborough* v. *Lynn*, 275 Mass. at 397. The trial judge was warranted in distinguishing what he described as Mulrain's "paper moves" to Leicester from what he found to be the actual center of Mulrain's domestic and social life, in and around the home of his wife and children in North Brookfield. Cf. Restatement (Second) Conflict of Laws § 11 (1971).

2. *Sufficiency of the findings.* There is support in the record for the following subsidiary findings, which led to the judge's ultimate finding that Mulrain had not established residency in Leicester during the relevant period, July 22 through December 31, 1982. Mulrain's wife and three children lived in North Brookfield, in a house which he owned with his wife. The two children who were of school age attended the North Brookfield public schools. His car was principally garaged in North Brookfield. He went to North Brookfield for banking, recreation, and to attend church.[1] He declined to sign an affidavit, requested by the Leicester town administrator, that he lived in Leicester. By contrast, the Leicester contacts were largely documentary: an address on Mulrain's driver's license (changed on a routine renewal date); a sticker for the Leicester landfill; and voter registration. Living conditions in his brother's Leicester house, in which Mulrain claimed to reside, were spartan, e.g., much of the time there was no hot water. Because of unrepaired fire damage, the house lacked an occupancy permit until September, 1982. By no means are the judge's findings clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). *Building Inspector of Lancaster* v. *Sanderson*, 372 Mass. 157, 160-161 (1977). Parenthetically, similar findings were recently made by a United States District Court judge in *Mulrain* v. *Selectmen of Leicester*, No. 83-0309-F (D. Mass. March 29, 1985).

---

[1] Mulrain testified that he spent Monday evenings, Wednesday evenings, and weekends in North Brookfield, although the judge made no specific findings in that regard.

3. *Exclusion of certain evidence*. Mulrain attempted to present evidence about his family's difficult financial condition, and about arrangements he and his wife had made with the mortgagee of their North Brookfield house to reduce monthly payments. The offer of proof suggested that this evidence was relevant to show that the family had stayed in North Brookfield not because of Mulrain's intent to keep his residence there but because of financial necessity. He could not find housing for five in Leicester for the amount of the reduced mortgage payments. It was within the judge's discretion to rule that such testimony was irrevelant.

On the view we have taken of the case, it is not necessary to decide other issues raised on the appeal.

*Judgment affirmed.*

*David A. Wojcik* (*Michael Clancy* with him) for the plaintiff.

*Andrew C. J. Meagher*, Town Counsel (*Richard J. Shea* with him) for the defendant.